William C. **HALL**, on behalf of himself and all others similarly situated, Appellant,

v.

O. Frank **THORNTON**, Secretary of State for the State of South Carolina, Appellee.

No. 15162.

United States Court of Appeals, Fourth Circuit.

July 12, 1971.

William L. Runyon, Jr., Charleston, S. C., on the brief for appellant.

C. Tolbert Goolsby, Jr., Columbia, S. C., on the brief for appellee.

Before HAYNSWORTH, Chief Judge, and BRYAN and CRAVEN, Circuit Judges.

PER CURIAM.

The plaintiffs seek to restrain enforcement of Article 8, § 2 of the South Carolina Constitution, which conditions the incorporation of a previously unincorporated area on the affirmative vote of a majority of persons eligible to vote. Incorporation of a proposed city had been approved by a majority of those voting but not by a majority of those eligible to vote.

The district court declined to request the convening of a three judge court and dismissed the complaint, holding that the merits of the case had already been determined by the Supreme Court in its dismissal, for want of a substantial federal question, of the appeal from the South Carolina Supreme Court's decision restraining the South Carolina Secretary of State from issuing a certificate of incorporation to the proposed city. Clay v. Thornton, 253 S.C. 209, 169 S.E.2d 617; appeal dismissed sub nom. Turner v. Clay, 397 U.S. 39, 90 S.Ct. 814, 25 L. Ed.2d 40.

The plaintiffs assert that the Supreme Court's dismissal of the appeal in *Clay* did not constitute an adjudication of the merits and that the district court thus erred in holding that it could not determine the issue independently. We cannot agree. Ohio ex rel. Eaton v. Price, 360 U.S. 246, 79 S.Ct. 978, 3 L.Ed.2d 1200 (opinion of Brennan, J.); Parke, Davis & Co. v. Health Cross Stores, 4 Cir., 364 F.2d 214; Heaney v. Allen, 2 Cir., 425 F.2d 869; Beck v. McLeod, D. S.C., 240 F.Supp. 708, affirmed 382 U. S. 454, 86 S.Ct. 645, 15 L.Ed.2d 522. See also Wright, Federal Courts § 108 (2d ed. 1970).

Where the Supreme Court has previously determined that a case does not present a federal question of substance, a three judge court is not required to be convened, and a single district judge may dismiss the petition. Ex parte Poresky, 290 U.S. 30, 54 S.Ct. 3, 78 L.Ed. 152. Only if intervening decisions have drawn into question the continued vitality of the earlier ruling are the plaintiffs entitled to further consideration. In the present case there has been no such development. To the contrary, the Supreme Court has just reaffirmed that a state law requiring more than a simple majority of those voting in an election for passage of a proposal does not offend the Constitution, unless the provision authorizes discrimination against an identifiable class. Gordon v. Lance, 403 U.S. 1, 91 S.Ct. 1889, 29 L.Ed.2d 273, 1971.* Under the circumstances, we consider oral argument unnecessary.

Affirmed.

---

* Clay v. Thornton, the earlier decision of the South Carolina Supreme Court in this case, was cited with approval in *Gordon*.