## Richmond

ROBERT KISLEY, TRADING AND DOING BUSINESS AS THE FALLS CHURCH HEALTH CENTER AND THE THREE SISTERS HEALTH STUDIO v. THE CITY OF FALLS CHURCH, ETC., ET AL.

March 6, 1972.

Record No. 7807.

Present, All the Justices.

*Robert A. McGinnis* (*Louis Koutoulakos*, on brief), for appellants.

*LaRue Van Meter*, for appellees.

I'ANSON, J., delivered the opinion of the court.

Complainant, Robert Kisley, trading as the Falls Church Health

Center, filed a bill of complaint against the City of Falls Church, praying that the city be restrained from enforcing its ordinance No. 512, which makes it unlawful to operate a massage salon, bath parlor, or any similar type business, where the service rendered to a customer is by a person of the opposite sex, and that the ordinance be declared void; and further, that the city's ordinance No. 510, regulating the operation of health clubs, massage salons, bath parlors and similar establishments, also be invalidated. A temporary injunction was granted restraining the city from enforcing ordinance No. 512, and thereafter The Three Sisters Health Studio was joined as an additional party complainant.

After an *ore tenus* hearing, the chancellor held (1) that ordinance No. 512 is a legitimate exercise of the police power of the city and that it is not invalid as a denial of equal protection of the law under the Federal and State Constitutions; and (2) that a section of ordinance No. 510, restricting the issuance of permits to operate or manage health clubs to a limited class of persons, is unreasonably restrictive, but the section is severable and the remainder of the ordinance is valid.

Complainants contend on appeal that the ordinances are invalid (1) because they are inconsistent with State statutes; (2) they deprive them of property rights without due process of law and deny them and their employees equal protection of the law; and (3) they are discriminatory in that barber shops are excluded from their operation.

For the stated purpose of securing and promoting the health, safety and general welfare of the people of the City of Falls Church, the city enacted ordinance No. 510, regulating the operation of "health clubs, massage salons, bath parlors and similar establishments." The ordinance provides for licensing, standards for sanitation and hygiene, qualifications of masseurs and masseuses, and it prohibits lewd and lascivious conduct on the part of the employees of such establishments. A "health club" is defined as any establishment which offers service in the form of massages, baths, exercises, or similar services, to club members or to the public for a charge. Excluded from the definition of health clubs are "(1) hospitals, nursing homes, medical clinics, or the offices or quarters of a physician, a surgeon or an osteopath; * * * (2) exercise clubs exclusively for members or clientele of one sex alone where the services, without massage in any form, are performed by persons of the same sex as members or clientele; * * * (3) barber shops and beauty parlors." The terms

"masseur" (male) and "masseuse" (female) are defined as persons who practice any one or more of the arts of body massage, either by hand or by mechanical apparatus.

Ordinance No. 512 provides that "It shall be unlawful for any establishment, regardless of whether it is a public or private facility, to operate as a massage salon, bath parlor, or any similar type business, where any physical contact with the recipient of such services is provided by a person of the opposite sex," and imposes penalties for its violation.

A narrative statement of the facts shows that complainants own and operate massage salons in the City of Falls Church. All of the employees of both establishments are female (masseuses) and all the patrons are male. Kisley admitted that the masseuses massage "every part of the [male patron's] body, and that includes every part of the body," and that he would have no business without the female massagists.

[█ Complainants argue that the ordinances are invalid because they are inconsistent with §§ 54-273 and 54-276.4, Code of 1950, as amended, 1967 Repl. Vol., and that under the provisions of Code § 1-13.17 a city is prohibited from enacting ordinances inconsistent with State law.

Sections 54-273 and 54-276.4 are found within Chapter 12 of the Code, which contains those State statutes regulating "Medicine and Other Healing Arts." Code § 54-273 is the definitional section of the chapter and does no more than exclude health club massages from the definition of the "Practice of physical therapy," (subsection 9). Section 54-276.4 provides that nothing in the chapter shall apply to masseurs, among others, who publicly represent themselves as such, within the scope of their usual professional activities.

It appears from those statutes that it was the legislative intent to free masseurs and masseuses from those regulations established in Chapter 12 of the Code. Hence there is no State statute regulating the occupation of massagists and the business of "health clubs, massage salons, bath parlors and similar establishments."

A local legislative body, in the exercise of its police powers, may forbid the doing of an act where State legislation is silent on the subject, and there can be no conflict between a statute and an ordinance where there is no statute dealing with the same subject matter. *King v. County of Arlington*, 195 Va. 1084, 1091, 81 S.E.2d 587, 592 (1954). Moreover, Falls Church is empowered by its charter, § 2.03,

to adopt ordinances to preserve "the safety, health, peace, good order, comfort, convenience, morals, and welfare of its inhabitants," and to prevent "lewd and disorderly conduct or exhibitions." Thus, vested with the authority to act, and not doing so inconsistently with State law, the city did not violate Code § 1-13.17 in adopting the ordinances.

■ We do not agree with complainants' arguments that the ordinances deprive them of property rights without due process of law and deny them and their employees equal protection of the law.

The general right to regulate the occupation of massagists and the business of massage salons and similar establishments in the interest of public health, safety or morals has been recognized in several jurisdictions. *Cheek* v. *City of Charlotte*, 273 N.C. 293, 297, 160 S.E.2d 18, 22 (1968); *Patterson* v. *City of Dallas*, 355 S.W.2d 838 (Tex.Civ. App.1962); *Ex Parte Maki*, 56 Cal.App.2d 635, 133 P.2d 64 (1943). *See also* 17 A.L.R.2d 1183, 1190.

In *Ex Parte Maki, supra,* a city ordinance forbade any person, for hire or reward, to administer a massage to a person of the opposite sex unless the massage was given under the supervision of a licensed physician. The appellant attacked the constitutionality of the ordinance on the same grounds that are asserted in the present case. The court, in upholding the constitutionality of the ordinance, said:

> "The ordinance applies alike to both men and women. * * * The barrier erected by the ordinance against immoral acts likely to result from too intimate familiarity of the sexes is no more than a reasonable regulation imposed by the city council in the fair exercise of police powers." 56 Cal.App.2d at 639, 133 P.2d at 67.

> "* * * The reasonable exercise of the police power in regulating any occupation in order to maintain the moral welfare does not arbitrarily deprive a person so engaged of his property. * * * Enactments that curb the vicious or restrain the wicked necessarily restrict the emoluments of his enterprise. However, such results are not to be considered in determining the validity of a law.

> \* \* \* \* \*

> "There is nothing in the ordinance that denies the equal protection guaranteed by the Fourteenth Amendment. * * *" 56 Cal. App.2d at 643-44, 133 P.2d at 68-69.

The rationale in *Maki* was adopted in *Cheek* v. *City of Charlotte, supra;* and *Patterson* v. *City of Dallas, supra.*[1]

■ Complainants next contend that the ordinances are discriminatory in that barber shops are excluded from their operation.

Whether a particular ordinance enacted pursuant to a general grant of power is void as arbitrary and unreasonable is a question of law for the courts. *Runnels* v. *Staunton Redevelopment & Housing Authority*, 207 Va. 407, 410, 149 S.E.2d 882, 884 (1966). There exists, however, a presumption favoring the validity of municipal ordinances and the presumption governs unless it is overcome by unreasonableness apparent on the face of the ordinance or by extrinsic evidence which clearly establishes the unreasonableness. *Nat. Linen Service* v. *Norfolk*, 196 Va. 277, 279, 83 S.E.2d 401, 403 (1954).

Classifications found within an ordinance carry with them the same presumptions and burdens, and are not in and of themselves discriminatory. It is well settled that "where the reason for a classification inheres in the subject-matter and the classification is natural and substantial and bears a reasonable relationship to the evil sought to be controlled, it is valid." *McWhorter* v. *Commonwealth*, 191 Va. 857, 867, 63 S.E.2d 20, 25 (1951).

Complainants rely on *Cheek* v. *City of Charlotte, supra,* in support of their contention that the ordinances are void. There the city enacted a single ordinance which prohibited a person from giving a massage to a person of the opposite sex in massage parlors, health salons or physical culture studios, but barber shops, beauty parlors, YMCA and YWCA health clubs were expressly excluded from the operation of the ordinance. The Supreme Court of North Carolina held that the ordinance putting barber shops, beauty parlors, YMCA and YWCA health clubs in a separate classification from massage parlors, health salons and physical culture studios, created a purely arbitrary selection and therefore constituted unconstitutional class legislation.

We do not agree with that part of the holding of the *Cheek* case. We think there is a reasonable ground for putting barber shops and beauty parlors in a separate classification from massage parlors, health salons and physical culture studios. The barber shop business is fundamentally different from the massage parlor business. Different services are offered, different hours of operation are observed, and

---

[1] Compare *J.S.K. Enterprises, Inc.* v. *Lacey*, 6 Wash. App. 43, 492 P.2d 600 (Wash. Ct. App., 1971).

different advertising techniques are employed. And though both types of businesses offer massages, the types of massages offered are also different. Massages obtained in barber shops are incidental to other services offered and are usually given to the scalp or face. In fact, an ordinance of the City of Falls Church limits massages in barber shops to the scalp, face, neck, or upper part of the body. On the other hand, massage is the principal service of massage parlors and, as in the case of one of the massage salons involved in this appeal, offer massages of "every part of the body."

In light of the inherent character of the subject matter and the evil sought to be eliminated, the reasons for the classifications created by the ordinances under attack are natural and substantial. The ordinances cannot, therefore, be invalidated as creating arbitrary or unreasonable classifications.

For the reasons stated, the decree of the court below is

*Affirmed.*