Gloria JOSEPH et al., Appellees,

v.

Louis H. BLAIR, Mayor, City of Falls Church, Va., et al., Appellants.

Patricia HOGGE, Appellant,

v.

MEMBERS OF the CITY COUNCIL, CITY OF HAMPTON, VIRGINIA, et al., Appellees.

Edwin EMERSON, t/a Peninsula Massage Parlor, t/a Continental Massage Parlor, Appellant,

v.

MEMBERS OF the CITY COUNCIL, CITY OF NEWPORT NEWS, VIRGINIA, et al., Appellees.

Nos. 73-1131, 72-2441, 72-2442.

United States Court of Appeals, Fourth Circuit.

Argued April 3, 1973.

Decided July 26, 1973.

Rehearing Denied Sept. 27, 1973.

W. Anthony Fitch, Williamsburg, Va. (Kenneth C. Hogge, and Carmel, Gray & Hogge, Hampton, Va., on brief), for appellants in Nos. 72–2441 and 72–2442.

Thomas E. Glascock, City Atty., Hampton, Va., for appellee in No. 72–2441.

P. A. Yeapanis, City Atty., Newport News, Va. (Robert M. Roylance, Asst. City Atty., Newport News, Va., on brief), for appellees in No. 72–2442.

George S. Leonard, Washington, D. C. (LaRue Van Meter, City Atty., Falls Church, Va., and Philip N. Brophy on brief), for appellants in No. 73–1131.

Philip J. Mirschkop, Alexandria, Va. (Joseph S. Bambacus, Richmond, Va., on brief), for appellants in No. 73–1131.

Before BOREMAN, Senior Circuit Judge, WINTER, Circuit Judge, and BLAIR, District Judge.

WINTER, Circuit Judge:

The scope and application of Younger v. Harris, 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971) and its progeny are the major questions in each of these appeals, and we therefore decide them together. The appeals arise from suits to have declared invalid and to enjoin enforcement of the ordinances of Falls Church, Norfolk, Hampton, and Newport News, Virginia, which, under sanction of criminal penalty, regulate massage parlors and, with certain exceptions, prohibit the massage of any person by another of the opposite sex. The validity of the ordinances was attacked on numerous grounds, including the claim that they violated Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., in that they require arbitrary sexual discrimination in the employment of massage parlor attendants, that the ordinances were in conflict with that Act and are hence inoperative under the supremacy clause of the United States Constitution, that the ordinances unlawfully discriminate on the basis of sex in violation of the equal protection clause of the fourteenth amendment, and that the ordinances violate the due process clause because they are vague and ambiguous. In No. 73–1131, Judge Merhige

exercised federal jurisdiction and granted an injunction *pendente lite*; we affirm. In Nos. 72–2441 and 72–2442, Judge Kellam, relying mainly on *Younger,* declined to exercise federal jurisdiction and dismissed the suits; we reverse and remand for further proceedings.

## I.

While the ordinances vary in form in certain regards which are not material here, they have as their objective the licensing and regulation of "massage parlors" and purport to prohibit the massage of any person by another of the opposite sex, except in the case of doctors, nurses, licensed physiotherapists, members of the subject's family, and the like. The validity of the Falls Church ordinance was initially attacked by one Robert Kisley, who sued in the Circuit Court of Fairfax County, alleging that the ordinances were invalid under state and federal law because of an arbitrary classification by sex and the denial of due process and equal protection of the laws.[1] The Circuit Court ruled against these contentions, holding the ordinances valid; and on appeal, the Supreme Court of Virginia affirmed. Kisley v. City of Falls Church, 212 Va. 693, 187 S.E.2d 168 (1972). Kisley then appealed to the Supreme Court of the United States, but that Court dismissed the appeal "for want of a substantial federal question." 409 U.S. 907, 93 S. Ct. 237, 34 L.Ed.2d 169 (1972).

When the various suits were filed in the Eastern District of Virginia, no criminal prosecutions against any plaintiff had begun.[2] Presumably, by reason of a temporary restraining order and the subsequent injunction *pendente lite,* there have been no prosecutions in Norfolk or in Falls Church. In Hampton, no prosecutions have begun, but plaintiffs alleged, and the allegation is not denied, that the City Attorney had advised "that he will prosecute violations as and when they occur." In Newport News, prosecutions for violation of the ordinance had been instituted at the time of suit, but the prosecutions were against persons other than the plaintiffs.

## II.

Judge Merhige, in granting an injunction *pendente lite* in No. 73–1131, concluded that *Younger* did not adversely affect his jurisdiction to act, since no plaintiff before him was the subject of a criminal prosecution at the time that suit was filed in his court. Judge Kellam, in declining to exercise jurisdiction in No. 72–2441 and No. 72–2442, concluded to the contrary. He recognized that there had been no prosecutions instituted against any plaintiff at the time that suit was filed, but he held nevertheless that application of *Younger* did not depend upon the existence of a pending state prosecution, and that the principle of comity stressed by *Younger* required that the "initial challenge to the constitutionality of a state law . . . [be made] in a state court." Additionally, Judge Kellam thought that *Younger* and Boyle v. Landry, 401 U.S. 77, 91 S.Ct.

1. Kisley initially joined as a plaintiff with others in No. 73–1131, but Judge Merhige denied relief as to him on the ground of *res judicata* or collateral estoppel, and Kisley did not appeal. Since the state litigation was not a class action and the plaintiffs in No. 73–1131 were neither parties to the suit nor in privity with Kisley, Judge Merhige held that the other plaintiffs were not barred by these defenses from proceeding.

2. Prior to instituting suit in the district court, Bo-Jac, Ltd., a plaintiff in No. 72–2441 and No. 73–1131, had filed a petition in the Hampton Circuit Court seeking a temporary injunction against enforcement of the Hampton ordinance. This suit was pending when the complaint was filed in the district court. The district court stayed its proceedings pending final disposition of the litigation in the Hampton Circuit Court. When Bo-Jac, Ltd., was denied a preliminary injunction in the state court, Bo-Jac dismissed the proceedings before determination on the merits. It was thereafter that the district court declined to exercise federal jurisdiction.

758, 27 L.Ed.2d 696 (1971), cast doubt upon the question whether a "case or controversy" existed between the plaintiffs and defendants in the suits involving the Hampton and Newport News ordinances. In summary, Judge Kellam concluded that plaintiffs should pursue a civil action in the state courts, and if they were not successful, "petition the Supreme Court of the United States for certiorari," or alternatively, "plaintiffs may elect to present their claims as defenses in criminal proceedings if such are instituted by the City of Hampton; again, plaintiffs may petition the United States Supreme Court for certiorari if they are unsuccessful . . .." We agree with Judge Merhige and disagree with Judge Kellam with regard to the scope of *Younger*.

In Lynch v. Snepp, 472 F.2d 769 (4 Cir. 1973), we had occasion to consider the rationale and scope of *Younger*. There we recognized that federal courts have the power under the Civil Rights Acts and various provisions of the constitution to intercede, on the ground of violation of federal right, in the state administration of state criminal law, including the power to enjoin state proceedings. At the same time, long-standing public policy is against exercise of the power with regard to state proceedings, and *Younger* is an articulation of how the admitted power and this desirable policy are to be reconciled when one impinges upon the other. We expressly adopted the view of Mr. Justice Brennan, stated partially in concurrence and partially in dissent in Perez v. Ledesma, 401 U.S. 82, 120, 91 S.Ct. 674, 27 L.Ed. 2d 701 (1971), that application of the notions of comity, equity and federalism to oust or require non-exercise of federal power depends upon whether a state proceeding is pending and, if so, on the ground asserted for federal intervention. We noted Lake Carrier's Assoc. v.

MacMullan, 406 U.S. 498, 92 S.Ct. 1749, 32 L.Ed.2d 257 (1972), where it was stated: "The decisions there [*Younger* and Samuels v. Mackell, 401 U.S. 66, 91 S.Ct. 764, 27 L.Ed.2d 688 (1971)] were premised on considerations of equity practice and comity in our federal system that have little force in the absence of a pending state proceeding. In that circumstance exercise of federal court jurisdiction ordinarily is appropriate if the conditions for declaratory or injunctive relief are met." Thus, we are committed to the view, which we believe the correct one, that *Younger* does not apply when there is neither criminal nor civil litigation pending in a state court in which questions sought to be raised in federal litigation by the same parties or those in privity with them are present. We therefore conclude that where, as in Nos. 72–2441 and 72–2442, there was no state criminal prosecution pending against any plaintiff and no plaintiff had pending, at the time the district court dismissed the suits, any civil action in a state court in which the issues raised in the federal litigation were present or raised, *Younger* neither authorized nor required the non-exercise of federal jurisdiction.[3]

Nor do we agree that there was no case or controversy between plaintiffs and defendants in Nos. 72–2441 and 72–2442. In Boyle v. Landry, plaintiffs were black citizens of Chicago who sought and obtained a declaration of the invalidity of an Illinois intimidation statute for overbreadth, and an injunction against its enforcement. The Supreme Court reversed on the ground that plaintiffs had neither alleged nor shown that they were threatened with arrest or prosecution under the statute at any time, or that they were in any jeopardy of suffering irreparable injury if Illinois was left free to prosecute in the normal manner.

---

3. These are not cases where the general abstention doctrine would justify dismissal. The alleged constitutional infirmities in the ordinances and their alleged transgression of the federal constitution and statutes do not depend upon any state construction of state legislative enactment. No ambiguous state law issue remains to be resolved. Wohl v. Keene, 476 F.2d 171 (4 Cir. 1973).

By contrast, in the instant cases, plaintiffs are the owners of "massage parlors," and masseuses employed in such establishments in Hampton and Newport News, where, it is alleged, massage is administered to persons of the opposite sex. Enforcement of the ordinance was threatened in Hampton and had begun in Newport News. The threat to plaintiffs' continued livelihood and freedom from prosecution was real. Their request for declaratory and injunctive relief against imminent infringement of their alleged federal rights constituted "more than speculation about the future." Boyle v. Landry, 401 U.S. at 81, 91 S.Ct. at 760; Wright, Federal Courts § 12 (1970). We have no doubt that there was a case or controversy between the parties in No. 72–2441 and No. 72–2442.

### III.

■■■ In No. 73–1131, several contentions are advanced why the injunction *pendente lite* granted by Judge Merhige should be vacated. Only one, we think, requires extended discussion. Before proceeding to it, we state our conclusion that Judge Merhige did not abuse his discretion in granting temporary injunctive relief. West Virginia Highlands Conserv. v. Island Creek Coal Co., 441 F.2d 232 (4 Cir. 1971). Of course we do not pass on the ultimate merits of plaintiffs' claims that the Norfolk and Falls Church ordinances violate Title VII of the Civil Rights Act of 1964, that they were in conflict with that Act and that they deny due process and equal protection, but we agree that the claims are not insubstantial and there was a sufficient basis on which the district court could conclude that plaintiffs would suffer irreparable injury if interim relief were not granted. A three-judge court was not required by 28 U.S.C. § 2283, since only the validity of local ordinances was in issue. Board of Regents of the University of Texas System v. New Left Education Project, 404 U.S. 541, 92 S.Ct. 652, 30 L.Ed.2d 697 (1972); Moody v. Flowers, 387 U.S. 97 (1967). Venue was properly in the Eastern District of Virginia, 28 U.S.C. § 1391. Since the Eastern District of Virginia is not subdivided into divisions, there was nothing improper in plaintiffs' filing suit in Richmond.

■■■ The contention which requires some discussion is that the dismissal by the Supreme Court of the United States for want of a substantial federal question in the initial litigation instituted by Kisley is *res judicata* of the validity of the ordinances.[4] The meaning of a dismissal for want of a substantial federal question has been debated, with conflicting conclusions, within the circuits. *Compare* Dillenburg v. Kramer, 469 F.2d 1222, 1225 (9 Cir. 1972) *with* Doe v. Hodgson, 478 F.2d 537 (2 Cir. 1973); and United States ex rel. Epton v. Nenna, 446 F.2d 363, 366 (2 Cir.), cert. denied, 404 U.S. 948, 92 S.Ct. 282, 30 L.Ed.2d 265 (1971).[5] We may be committed to the view that summary dismissal for want of a substantial federal question *may* constitute an adjudication on the merits. In Hall v. Thornton, 445 F.

---

4. Defendants in No. 73-1131 also argue that the decision of the Virginia Supreme Court in Kisley v. City of Falls Church, 212 Va. 693, 187 S.E.2d 168 (1972), "conclusively adjudicated" the issues which plaintiffs seek to raise here. Although entitled to great respect, and perhaps completely persuasive, the decision of a state court of last resort is not binding on a federal court on a federal constitutional question raised by persons who were not parties in the state litigation. The decision was decisive with regard to the plaintiff in the state litigation, and the district court gave it that effect when it dismissed Kisley as a plaintiff in the instant case.

5. *Dillenburg* and *Doe* were cases which were concerned with summary affirmance rather than summary dismissal by the Supreme Court. If *Dillenburg* is correct in treating summary affirmance without opinion as having very little precedential significance, manifestly, summary dismissal has less. *Doe* treats summary dismissal and summary affirmance of equal binding precedential value.

2d 834 (4 Cir. 1971), we held that a district court was not obliged to request the convening of a three-judge court to pass upon the merits of an attack on the provision of the South Carolina Constitution which conditions the incorporation of a previously unincorporated area on the affirmative vote of a majority of persons eligible to vote (rather than those actually voting), when the Supreme Court of South Carolina had upheld the validity of the constitutional provision in prior litigation, the Supreme Court of the United States had dismissed for want of a federal question and, in a later case decided on the merits, the Supreme Court of the United States decided that a state law requiring more than a simple majority of those voting in an election for passage of a proposal does not offend the constitution. We conclude, however, that even if our decision in *Hall* commits us generally to treat summary dismissal for want of a substantial federal question as an adjudication on the merits, we should not treat the Supreme Court's dismissal in *Kisley* as an adjudication on the merits. This is so because an examination of the opinion of the Supreme Court of Virginia and the representations of the parties made to us in their briefs and arguments show that at least some of the federal claims sought to be litigated in the instant case were either not raised in the Virginia suit, or were not passed upon in any substantial way by the Virginia Supreme Court. We therefore think that there was good reason for the Supreme Court to dismiss for want of a substantial federal question on the familiar principle that it will not consider questions neither raised nor considered throughout the litigation, and that this dismissal does not constitute an adjudication of plaintiffs' claims, *inter alia*, that the ordinances are repugnant to Title VII of the Civil Rights Act of 1964. Tacon v. Arizona, 410 U.S. 351, 93 S.Ct. 998, 35 L.Ed.2d 346 (1973); Cardinale v. Louisiana, 394 U.S. 437, 89 S.Ct. 1161, 22 L.Ed.2d 398 (1969).

For these reasons, we affirm in No. 73–1131, and direct that the district court proceed with a trial on the merits as soon as practicable. In Nos. 72–2441 and 72–2442, we reverse the orders of dismissal and direct that the district court conduct further proceedings in accordance with the views expressed herein.[6]

No. 73–1131 affirmed.

Nos. 72–2441 and 72–2442 reversed and remanded.

## ADDENDUM

In accordance with the court's usual practice, the foregoing opinion, before it was filed, was circulated to all members of the court for the concurrences of the panel members and the comments or suggestions of the non panel members.

Pursuant to Rule 35, F.R.A.P., a member of the court moved for rehearing in banc and requested a poll on his motion. The motion failed to gain the support of a majority of the judges entitled to vote thereon.

6. With regard to these cases, we express no view on whether injunctive relief, if it is otherwise indicated, should be denied in No. 72–2441 because only the members of the City Council of the City of Hampton, Virginia have been joined as defendants. This is a matter for determination by the district court if plaintiffs press their claim for temporary or permanent injunctive relief. It has been represented to us in argument that the City Council of Hampton, Virginia performs some limited executive function, as well as a legislative function, but even if this is not established, we note that the complaint in this case seeks declaratory as well as injunctive relief. It may be that the request for declaratory relief may be granted, even though it is determined that injunctive relief should be denied for failure to join necessary defendants. In any event, there would appear to be no reason why plaintiffs, upon proper application, should not be granted leave to amend to join other defendants who perform executive functions in Hampton, Virginia.