Patricia HOGGE et al., Appellants,

v.

C. E. JOHNSON, City Manager, and Patrick G. Minetti, Chief of Police, of the City of Hampton, Virginia, each in their official capacity, Appellees.

Scarlett Anne HILLIARD, and Earle Phillips, t/a French Massage Parlor, Appellants,

v.

William E. LAWSON, City Manager, and Howard B. Blackmon, Chief of Police, each in their official capacity, Appellees.

Nos. 74–1656, 74–1657.

United States Court of Appeals, Fourth Circuit.

Argued Jan. 8, 1975.

Decided Aug. 19, 1975.

Rebecca J. April Fitch (Kenneth C. Hogge, Carmel, Gray & Hogge, Hampton, Va., on brief), for appellants.

Thomas E. Glascock, Hampton, Va., for appellees in No. 74–1656.

Robert M. Roylance, Asst. City Atty., for appellees in No. 74–1657.

Before CLARK, United States Supreme Court Justice, Retired,* and CRAVEN and BUTZNER, Circuit Judges.

* Sitting by designation.

CRAVEN, Circuit Judge:

Plaintiffs below sought injunctive and declaratory relief against local ordinances designated to regulate massage parlors in Hampton and Newport News, Virginia. With certain exceptions, the ordinances prohibit, under criminal sanction, the massage of any person by another of the opposite sex.[1] That prohibition was attacked both as an arbitrary sex-based classification in violation of the fourteenth amendment's Equal Protection Clause and as requiring sex discrimination in the employment of massage parlor attendants, in conflict with Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.,* and therefore inoperative under the Supremacy Clause, U.S.Const. Art. VI.

In *Joseph v. Blair,* 482 F.2d 575 (4th Cir. 1973), *rehearing denied,* 488 F.2d 403, *cert. denied,* 416 U.S. 955, 94 S.Ct. 1968, 40 L.Ed.2d 305 (1974), we reversed an earlier order of the district court that dismissed these complaints on the basis of *Younger v. Harris,* 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971). We noted in passing that a similar ordinance of the City of Falls Church, Virginia had been adjudged constitutional by the Virginia Supreme Court in *Kisley v. City of Falls Church,* 212 Va. 693, 187 S.E.2d 168 (1972), and that an appeal to the Supreme Court of the United States had been dismissed for want of a substantial federal question, 409 U.S. 907, 93 S.Ct. 237, 34 L.Ed.2d 169 (1972). But we then felt that the Court's dismissal in *Kisley* should not be treated as an adjudication on the merits because the representations of the parties made in their briefs and arguments indicated that at least some of the federal claims sought to be litigated in the instant case were either not raised in the Virginia suit or were

1. The pertinent parts of the Hampton and Newport News ordinances are as follows:

> Massage by person of opposite sex prohibited; exceptions.

> It shall be unlawful for any person to administer, for hire or reward, to any person of the opposite sex any massage, any alcohol rub or similar treatment, any fomentation, any bath, or any electric or magnetic treatment, nor shall any person cause or permit in or about his place of business, or in connection with his business, any agent, employee or servant or any other person under his control or supervision to administer any such treatment to any person of the opposite sex.

> This section shall not apply to any treatment administered in good faith by a physician, surgeon, chiropractor, osteopath or physical therapist duly licensed by the Commonwealth of Virginia, or to a licensed nurse acting under the direct prescription and direction of any such physician, surgeon, chiropractor or osteopath; nor shall this section apply to barbers or beauticians who give massage to the scalp, the face, the neck or the shoulders only.

Hampton, Va., Code § 22.1–11 (1972).

> (a) It shall be unlawful for any establishment, owner, or operator regardless of whether it is a public or private facility, to operate as a massage parlor, bath parlor, health club or any similar type of business, where any physical contact or massage with the recipient of the service provided by said establishment is provided by a person of the opposite sex.

> (b) It shall be unlawful for any employee, individual, owner or operator of such establishment or any other type establishment to give or administer a massage to a member of the opposite sex.

Newport News, Va., Code Chap. 21C (1972).

The preamble to the Hampton ordinance reads in part as follows:

> WHEREAS, the Council of the City of Hampton, Virginia, is authorized . . . to exercise all powers which in the opinion of the Council are necessary or desirable to promote the general welfare of the City and the safety, health, peace, good order, comfort, convenience, and morals of its inhabitants; and,

> WHEREAS, upon report of the Division of Police, administrative officers, and inhabitants of the City, such places called "massage parlors," and similar establishments as hereinafter defined are being used, or may be used because of their nature, as houses of prostitution, or places where disorderly, lewd, lascivious and unlawful conduct or exhibitions occur; and,

> WHEREAS, it is the opinion of the Council of the City of Hampton, Virginia, that it is proper and fitting that the massage parlors and similar establishments, as hereinafter defined, should be regulated in order to protect the public safety, health, good order and morals of the City, and to aid in the enforcement of its, and the State's, laws.

not passed upon in any substantial way by the Virginia Supreme Court, pointing specifically to plaintiffs' claim that the ordinances were repugnant to Title VII of the Civil Rights Act of 1964.

■ Quite recently, the United States Supreme Court has spoken to the question among the circuits with respect to the meaning to be accorded dismissal for want of a substantial federal question. Such a dismissal is a decision on the merits binding upon the inferior federal courts. It is stare decisis on issues properly presented to the Supreme Court and declared by that Court to be without substance. *Hicks v. Miranda*, 422 U.S. 332, 95 S.Ct. 2281, 45 L.Ed.2d 223 (1975). Thus we are led to compare again the issues presented on the evidence in these cases with the issues decided by the Supreme Court in *Kisley*.

In *Kisley, supra,* the Virginia Supreme Court sustained the constitutionality of Ordinance No. 512 of the City of Falls Church, which ordinance provided that:

It shall be unlawful for any establishment, regardless of whether it is a public or private facility, to operate as a massage salon, bath parlor, or any similar type business, where any physical contact with the recipient of such services is provided by a person of the opposite sex.

The Virginia Supreme Court considered and rejected arguments that Ordinance No. 512 deprived owners and operators and employees of massage parlors property rights without due process of law and denied them equal protection of the laws, quoting favorably from *Ex parte Maki,* 56 Cal.App.2d 635, 133 P.2d 64 (1943):

"The ordinance applies alike to both men and women. . . . The barrier erected by the ordinance against immoral acts likely to result from too

intimate familiarity of the sexes is no more than a reasonable regulation imposed by the city council in the fair exercise of police powers.

". . . The reasonable exercise of the police power in regulating any occupation in order to maintain the moral welfare does not arbitrarily deprive a person so engaged of his property. . . . Enactments that curb the vicious or restrain the wicked necessarily restrict the emoluments of his enterprise. However, such results are not to be considered in determining the validity of a law.

. . . .

"There is nothing in the ordinance that denies the equal protection guaranteed by the Fourteenth Amendment. . . ."

*Kisley v. City of Falls Church, supra,* 187 S.E.2d at 171.

■ The Falls Church ordinance examined in *Kisley, supra,* is substantially identical with the ordinances of Hampton and Newport News set out in footnote 1, *supra.* We think the issue presented to the Supreme Court in the appeal of *Kisley* and declared by it to be without substance included the question sought to be raised here: whether the ordinances violate the fourteenth amendment's equal protection clause. Thus, summary dismissal of the appeal in *Kisley* is a perfectly clear precedent that is binding upon us.[2]

■ The only question remaining is plaintiffs' contention that the ordinances are in conflict with Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* The district court noted that the Act defines the term employer to mean "a person engaged in an industry affect-

---

2. We need not decide whether other cases in the Supreme Court dismissed for want of a substantial federal question presented a similar issue. *See Smith v. Keator,* 419 U.S. 1043, 95 S.Ct. 613, 42 L.Ed.2d 636 (1974); *Ruben-stein v. Township of Cherry Hill,* 417 U.S. 963, 94 S.Ct. 3165, 41 L.Ed.2d 1136 (1974); *Patterson v. City of Dallas,* 372 U.S. 251, 83 S.Ct. 873, 9 L.Ed.2d 732 (1963).

ing commerce who has fifteen or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year, . . .." He found as a fact that "the evidence does not establish any of plaintiffs meet this test." The evidence is both conflicting and confusing, but there is substantial support for such a finding, and it is not clearly erroneous.

*Affirmed.*

Mr. Justice CLARK (concurring):

I concur but wish to comment on the holding that we are bound here by the 1972 order in the *Kisley* case which was dismissed by the Supreme Court for want of a substantial federal question. The Supreme Court's statements in *Hicks v. Miranda*, 422 U.S. 332, 95 S.Ct. 2281, 45 L.Ed.2d 223 (1975), to the effect that such dismissals are decisions "on the merits", seem to me to fly in the face of the long-established practice of the Court at least during the eighteen Terms in which I sat. During that time, appeals from state court decisions received treatment similar to that accorded petitions for certiorari and were given about the same precedential weight. An unquestioning application of the *Hicks* rule can lead to nothing but mischief and place an unnecessary restraining hand on the progress of federal constitutional adjudication.

Here, for example, the other members of the panel thought, as did I, that there *was* a substantial federal question presented by this case. The question deserves elaboration. That is foreclosed by *Hicks'* holding that we must accept the *Kisley* dismissal as binding. Yet I cannot believe that the Court in 1972 gave such serious consideration to the merits of that case as to justify the precedential value now assigned to it.