**L. R. BROWN, Jr. and Barbara Ellen Thomas, Plaintiffs,**

v.

**Bryon E. HANER et al., Defendants.**

**Civ. A. No. 76–0020(R).**

United States District Court, W. D. Virginia, Roanoke Division.

March 19, 1976.

John H. Kennett, Jr., Roanoke, Va., for plaintiffs.

James N. Kincanon, City Atty., Roanoke, Va., for defendants.

Samuel G. Wilson, Asst. Commonwealth Atty., Roanoke, Va., for amicus curiae.

## OPINION AND JUDGMENT

DALTON, District Judge.

Plaintiffs are before the court seeking injunctive relief intended to enjoin enforcement of an ordinance of the City of Roanoke which prohibits the massaging of members of one sex by members of the opposite sex. Jurisdiction is alleged pursuant to 28 U.S.C. § 1343. The relief sought is authorized by 42 U.S.C. § 1983 and 28 U.S.C. §§ 2201 and 2202. Defendants have moved to dismiss the action for failure to state a claim upon which relief can be granted.

Plaintiffs make various allegations concerning what constitutional rights are being denied them by this ordinance.

Among these are a denial of equal protection and discrimination on the basis of sex; deprivation of property without due process; and lack of a rational basis for the ordinance in question. The court finds only two of plaintiffs' assertions raise issues cognizable in federal court.[1] Plaintiffs contend the ordinance abridges the right to privacy and the right to association. These issues, to the court's knowledge, have not yet arisen in this precise factual situation.[2] Therefore, the court will address the merits of these two claims.

On February 2, 1976, the City Council of Roanoke enacted an Ordinance which made unlawful the operation of massage parlors where members of one sex made any physical contact with members of the opposite sex.[3] As a result of the operation of the ordinance plaintiffs allege they will be effectively forced out of business.

Plaintiffs allege that "the Constitution and laws of the United States grant the

---

1. Plaintiffs' additional allegations in support of their challenge to the instant ordinance do not raise a substantial federal question. *Kisley v. City of Falls Church*, 212 Va. 693, 187 S.E.2d 168 (1972), *appeal dismissed for want of a substantial federal question*, 409 U.S. 907, 93 S.Ct. 237, 34 L.Ed.2d 169 (1972); *Hicks v. Miranda*, 422 U.S. 332, 343–4, 95 S.Ct. 2281, 2289, 45 L.Ed.2d 223, 233 (1975); *Hogge v. Johnson*, 526 F.2d 833 (4th Cir. 1975); *also see, Colorado Springs Amusements, LTD v. Rizzo*, 524 F.2d 571, 575–6 (3rd Cir. 1975); *Alfred v. Duling*, No. 76–0002–R (E.D.Va. January 15, 1976).

2. The right to privacy allegation was raised and dismissed in *Brown v. Brannon*, 399 F.Supp. 133 (M.D.N.C.1975), *aff'd*, No. 75–2111 (4th Cir. March 2, 1976). Although the ordinance in question there involved a prohibition of the massage of private parts by members of the opposite sex, the reasoning as it applies to the right to privacy is applicable.

3. Sec. 15. *Massage by a person of opposite sex prohibited; exceptions—Penalty.*

    (a) It shall be unlawful for any person to administer, for hire or reward, to any person of the opposite sex any massage, any alcohol rub or similar treatment, any fomentation, any bath, or any electric or magnetic treatment.

    (b) It shall be unlawful for any person, firm or corporation, or any other entity responsible for the operation of any establishment, regardless whether it be a public or private facility, to operate as a massage parlor, massage salon, bath parlor, or any similar type business, where any person administers, for hire or reward, to any person of the opposite sex any massage, any alcohol rub or similar treatment, any fomentation, any bath, or any electrical or magnetic treatment.

    (c) This section shall not apply to any treatment administered in good faith by a physician, surgeon, chiropractor, osteopath or physical therapist duly licensed by the Commonwealth of Virginia, or to a licensed nurse acting under the direct prescription and direction of any such physician, surgeon, chiropractor, or osteopath; nor shall this section apply to barbers or beauticians who give massage to the scalp, face, the neck or shoulders only.

    (d) Any person, firm, corporation or other entity who shall violate any of the provisions of this section shall be guilty of a misdemeanor and, upon conviction thereof, be fined not more than five hundred dollars ($500.00); and each day's violation of any provision of subsection (b), *supra*, of this section shall constitute a separate offense.

Plaintiffs . . . the civil right . . . to enjoy freedom of association and right to privacy in their personal conduct without being forced to discriminate on account of sex; that the ordinance . . . deprives the Plaintiffs . . . of these federally guaranteed rights . . . .." The court recognizes the existence of these rights, and their application to the States by the Fourteenth Amendment. *Griswold v. Connecticut*, 381 U.S. 479, 85 S.Ct. 1678, 14 L.Ed.2d 510 (1965). The question arises whether these rights are being violated in the factual setting before the court.

In balancing the regulation of commercial activities commensurate with its duty to protect the public safety and morals against the state's constitutional obligation to avoid penalizing the exercise of constitutional rights, it is important to note that the associational activities of plaintiffs are purely commercial and do not come within the core protection of the right to associate. *Cornelius v. Benevolent Protective Order of Elks*, 382 F.Supp. 1182, 1195 (D.Conn., 1974). The Supreme Court has acknowledged that the right to associate extends to an association for economic benefit. But that association had a political function, i.e., the solicitation of governmental action with respect to the passage and enforcement of laws. *Eastern Railroad Presidents Conference v. Noerr Motor Freight, Inc.*, 365 U.S. 127, 138, 81 S.Ct. 523, 530, 5 L.Ed.2d 464, 471 (1961). Plaintiffs can make no such claim.

Similarly, whatever may be the merits of a claim to a protected right by one engaged in the very private act of massage, plaintiffs are not in that position. They stand not prohibited from engaging in acts of massage, but of performing such acts *for hire*. Thus analogies to *Griswold, supra*, and *Stanley v. Georgia*, 394 U.S. 557, 89 S.Ct. 1243, 22 L.Ed.2d 542 (1969) are inappropriate. Far more comparable are those decisions holding that, notwithstanding *Stanley's* protec-

tion of the ultimate consumer of obscene material, the Government may prohibit the commercial importation or mail distribution of pornography. *U. S. v. Thirty-Seven Photographs*, 402 U.S. 363, 91 S.Ct. 1400, 28 L.Ed.2d 822 (1971); *U. S. v. Reidel*, 402 U.S. 351, 91 S.Ct. 1410, 28 L.Ed.2d 813 (1971); *both cited in U. S. v. Kiffer*, 477 F.2d 349 (2d Cir. 1973), *cert. denied*, 414 U.S. 831, 94 S.Ct. 62, 38 L.Ed.2d 65 (1973).

The right of privacy, as enunciated in *Griswold, supra*, protects against "all governmental invasions 'of the sanctity of a man's home and the privacies of life.'" *Id.*, 381 U.S. at 484, 85 S.Ct. at 1681, 14 L.Ed.2d at 515. The case involved the *use* of contraceptives rather than the regulation of their manufacture or sale. The Supreme Court found such a regulation to have a "maximum destructive impact upon [the marriage] relationship." *Id.*, at 485, 85 S.Ct. at 1682, 14 L.Ed.2d at 515. The ordinance in question does not prohibit massages as such, only massages *for hire*. It is the commercial aspect of the act of massage which removes it from the ambit of a potential right to engage in such an act without interference from the state.

The court also finds that the Fourth Circuit Court of Appeals has construed its own decision in *Hogge v. Johnson*, 526 F.2d 833 (4th Cir. 1975), to hold that "commercial massage parlors in which massages are administered to persons of the opposite sex may be outlawed completely." *Brown v. Brannon*, No. 75–2111 (4th Cir. March 2, 1976; Slip Op., at 2). Whether such a construction of *Hogge* is proper is not for this court to question. This court will abide by the Fourth Circuit's interpretation of its own opinion.

Accordingly, defendants' Motion to Dismiss is hereby granted. This action is ordered removed from the docket and each party shall bear their own costs.

The clerk is directed to send a copy of this decision to counsel of record.