**Maurice J. CULLINANE et al., Appellants,**

v.

**GEISHA HOUSE, INC., Appellee.**

**No. 9020.**

District of Columbia Court of Appeals.

Argued Oct. 16, 1975.

Decided March 22, 1976.

Rehearing Denied April 9, 1976.

Stay Denied June 7, 1976.
See 96 S.Ct. 2621.

Certiorari Denied July 6, 1976.
See 96 S.Ct. 3234.

---

David P. Sutton, Asst. Corp. Counsel, Washington, D.C., with whom C. Francis Murphy, Corp. Counsel, Washington, D.C., at the time the brief was filed, Louis P. Robbins, Acting Corp. Counsel,. and Richard W. Barton, Asst. Corp. Counsel, Washington, D.C., were on the brief, for appellants.

Glenn R. Graves, Washington, D.C., for appellee.

Before KELLY, GALLAGHER and NEBEKER, Associate Judges.

GALLAGHER, Associate Judge:

This was an action for declaratory judgment and injunctive relief against the Chief of Police and his subordinate. The plaintiff-appellee, Geisha House, is the operator of a massage establishment (commonly referred to as a "massage parlor"),[1] which is licensed under D.C.Code 1973, § 47–2311. In pertinent part this section reads as follows:

> . . . It shall be unlawful for any female to give or administer massage treatment or any bath to any person of the male sex, or for any person of the male sex to give or administer massage treatment or any bath to any person of the female sex, in any establishment licensed under this section. Any person violating the provisions of this section shall, upon conviction, be punished as hereinafter provided in this chapter; and, in addition to such penalty, it shall be the duty of the Commissioner of the District of Columbia to revoke the license of the owner or manager of the establishment wherein the provisions of this section shall have been violated.[2]

■ Arrests had been made previously of three female employees of Geisha House for violations of that code provision.[3] The trial court permanently enjoined enforcement of the statutory provision involved as being violative of the rights to due process and equal protection of the law.[4] There are five issues proposed on appeal:[5]

---

1. Various prices are listed for Geisha House, e. g., "Basic Massage"—$25.00; "Bikini Massage"—$30.00; "Negligee Massage"—$30.00; "Use of Photography Studio"—$10.-00. Exhibit 1(B) to appellants' motion for reconsideration submitted to the trial court.

2. Punishment is imprisonment for not more than 90 days or a fine of not more than $300. D.C.Code 1973, § 47–2347.

3. There is involved here a criminal statute not a zoning law or an administrative regulatory statute. As to zoning and adminis-

trative regulation, there could scarcely be any serious question about the validity of a reasonable use of those legislative avenues in relation to the community problem with "massage parlors."

4. The equal protection concept is incorporated into the Fifth Amendment where the District of Columbia is concerned. *Bolling v. Sharpe*, 347 U.S. 497, 74 S.Ct. 693, 98 L.Ed. 884 (1954).

5. The trial court also decided that it has the jurisdiction to declare Acts of Congress of

(1) Whether this case is controlled by certain dismissals by the Supreme Court of state court appeals for want of a substantial federal question.

(2) Whether the statute infringes on the fundamental constitutional right to pursue a legitimate occupation, and such infringement is not warranted by a sufficient governmental interest.

(3) Does the statute create a gender-based distinction (between masseurs and masseuses) which is constitutionally "suspect" and not justified by any compelling governmental interest.

(4) Is the statute an impermissible "prophylaxis" which creates an irrebuttable presumption that cross-sexual massage on licensed premises will lead to criminal activity.

(5) Does the statute discriminate invidiously as it proscribes cross-sexual massage in licensed establishments but not elsewhere in the city, e. g., itinerant masseurs and masseuses plying their trade in hotels.

These questions have been disposed of in appellants' favor by recent Supreme Court action.

■■■ Preliminarily, it is necessary to recognize it is the law that a dismissal of an appeal by the Supreme Court for want of a substantial federal question is an adjudication on the merits of the questions there presented. *Hicks v. Miranda,* 422 U.S. 332, 95 S.Ct. 2281, 45 L.Ed.2d 223 (1975). Consequently, this leaves for us a comparison of the issues presented here with issues recently necessarily decided as a matter of law by the Supreme Court because of dismissals for want of substantial

federal questions. If the issues here were for all practical purposes previously presented to the Supreme Court in those cases and consequently disposed of there, this would leave little for us in deciding this case.

In several cases where the Supreme Court has dismissed for want of a substantial federal question the jurisdictional statements presented to the Court contained between them all the issues we have here; *see, e.g., Smith v. Keator,* 419 U.S. 1043, 95 S.Ct. 613, 42 L.Ed.2d 636 (1974) [6] (Exhibit A to appellants' motion for summary reversal in the instant case), *Rubenstein v. Cherry Hill,* 417 U.S. 963, 94 S.Ct. 3165, 41 L.Ed.2d 1136 (1974)[7] (Exhibit C to appellants' motion for summary reversal in the instant case), and *Kisley v. City of Falls Church,* 409 U.S. 907, 93 S.Ct. 237, 34 L.Ed.2d 169 (1972).[8]

Moreover, in *Colorado Springs Amusements, Ltd. v. Rizzo,* 524 F.2d 571 (3d Cir. 1975), *petition for cert. filed,* 44 U.S.L.W. 3428 (U.S. Jan. 14, 1976) (No. 75-999), the court was confronted with a section of the Philadelphia code[9] which provides to the same effect as the statute we have under consideration. Upon the basis of the Supreme Court's dismissals for want of a substantial federal question in *Smith v. Keator, supra, Rubenstein v. Cherry Hill, supra,* and *Kisley v. City of Falls Church, supra,* the court reversed the trial court's holding that the statute was unconstitutional. In *Hogge v. Johnson,* 44 U.S.L.W. 2121, 526 F.2d 833 (4th Cir. 1975), *petition for cert. filed,* 44 U.S.L.W. 3431 (U.S. Dec. 31, 1975) (No. 75-927), that circuit court followed the very same course when

---

purely local application unconstitutional and the power to enjoin their enforcement. This holding is not questioned on appeal.

6. 285 N.C. 530, 206 S.E.2d 203 (1974).

7. No. M-236, *unreported,* N.J. (Jan. 29, 1974).

8. 212 Va. 693, 187 S.E.2d 168 (1972).

9. Section 9-610(4), which provides:
   *Prohibited Conduct.* No person employed or engaged in the business of a masseur or Masseuse shall treat a person of the opposite sex.

confronted with a similar statute pertaining to "massage parlors."[10]

Since the issues here presented are the same, the Supreme Court's actions in dismissing for want of a substantial federal question are, of course, equally binding upon us. This disposes of the questions presented on the merits and requires a reversal of the judgment entered in the trial court.[11]

*Reversed and remanded with instructions to dismiss the complaint.*[12]

10. While it is not pressed, appellee also contends that the statute conflicts with Title 7 of the Civil Rights Act 42 U.S.C. §§ 2000e–2(a) (1) & (2) and 2000e–7. This contention was also made in *Rubenstein v. Cherry Hill, supra,* and the Supreme Court in that case dismissed for want of a substantial federal question.

11. We might comment, in passing, that, contrary to the position of appellee, the Supreme Court has not yet held that classification based upon sex is inherently suspect in every circumstance. *See, e. g., Stanton v. Stanton,* 421 U.S. 7, 95 S.Ct. 1373, 43 L.Ed.2d 688 (1975).

12. If the issues raised by Geisha House were open to us for consideration in assessing constitutionally the reasonableness of the exercise of police power in enacting this statute dealing with cross-sexual massage parlors, we would deem it appropriate to bear in mind the oft repeated observation that an appellate court "need not be blind to what all others know." *Burr v. NLRB,* 321 F.2d 612, 624 (5th Cir. 1963).