**Michael A. REDDISH and Roy G. Bostian, Plaintiffs,**

v.

**J. B. ROBERTS, Sheriff of Cabarrus County, Charles D. McGinnis, Cabarrus County Manager, Glenn Hawfield, Jr., John A. Hammett, Troy R. Cook, Robert A. McClary, and Marcelle Milloway, Cabarrus County Board of Commissioners, Defendants.**

No. C–77–408–S.

United States District Court,
M. D. North Carolina,
Salisbury Division.

Nov. 15, 1978.

Paul L. Whitfield, Rodney W. Seaford, Charlotte, for plaintiffs.

John R. Boger, Jr., Williams, Willeford, Boger & Grady, Concord, N. C., for defendants.

MEMORANDUM OPINION

HIRAM H. WARD, District Judge.

In this action, the plaintiffs seek to have an ordinance of Cabarrus County, North Carolina, declared unconstitutional. They also request that this Court permanently enjoin the defendants from enforcing the ordinance. In the "Order on Final Pre-Trial Conference", filed July 21, 1978, (hereinafter Final Pre-Trial Order), the parties agreed that this case presented only matters of law and that the Court could decide it upon the record. All pertinent facts have been admitted in "Answer of Defendants" (filed Sept. 20, 1977) or stipulated in the Final Pre-Trial Order. The Court has jurisdiction of this matter pursuant to 28 U.S.C. § 1343(3).

The Board of Commissioners for Cabarrus County, at their regular meeting on August 4, 1977, enacted the "Massage Parlor Ordinance" (hereinafter Ordinance),

consisting of fifteen sections. Section one explains the purpose: to protect the public health, safety, welfare, and morals. The Ordinance does not "apply to a regularly established and licensed hospital, sanitarium, nursing home, nor to an office or clinic operated and regularly used by a duly qualified and licensed medical practitioner, osteopath or chiropractor in connection with the practice of medicine, chiropractic or osteopathy." Ordinance, § 1. Definitions are contained in section two.

Section three concerns the licensing of massage business operators. It provides that no person, partnership, corporation, or association is allowed to "operate a massage business . . . unless [they] . . . have first applied for and received the privilege license provided by this section." Each application must contain certain information and must be approved by the Board of County Commissioners.[1]

Section four deals with the licensing of massagists. It provides that "[n]o person shall engage in the business . . . of massage unless such person shall have first applied for and received the privilege license provided by this section." Each application must contain certain information and must be approved by the Board of County Commissioners.[2]

The Ordinance also requires that a licensed massage business employ only a licensed massagist to massage (section five), that the privilege licenses be displayed (section six), and that a notice and hearing be held before a license is revoked (section seven).

No massage businesses are to be operated "before 8:00 a.m. or after 12:00 p.m., prevailing time." Ordinance, § 8. No licensed massagist is to "massage or treat any person under the age of eighteen (18) upon the licensed premises, except upon written order by a licensed physician, osteopath, chiropractor, or registered physical therapist . . . ." Ordinance, § 9(a).[3]

Section ten prohibits massage by a person of the opposite sex:

(a) It shall be unlawful for any person, corporation, partnership, or association licensed pursuant to Section 3 hereof to knowingly provide, allow or permit a massage or treatment to be given by a person to a person of the opposite sex.

(b) It shall be unlawful for any person licensed as a massagist under Section 4 hereof to massage or treat a person of the opposite sex.

Section eleven provides that "[i]t shall be unlawful for any person to massage or to offer to massage the private parts of another for hire."

The Ordinance became effective on September 1, 1977.[4]

At the time the Ordinance was adopted, plaintiff Michael Reddish operated the Lady Ann Health Club in Cabarrus County and plaintiff Roy Bostian operated the Stardust Health Club. All persons employed as massagists in their businesses were female. On August 26, 1977, plaintiffs instituted this action, asserting that the Ordinance was unconstitutional. On the same day, they moved for a preliminary injunction. A hearing was held on October 31, 1977, and this Court denied plaintiffs' motion in a Memorandum Order dated November 1, 1977. At the time the Final Pre-Trial Order was signed, July 21, 1978, the plaintiffs were not operating massage parlor businesses in Cabarrus County, nor were there any such business in operation in Cabarrus County.

1. Guidelines for determining whether to approve an application for a massage business license are set out in section 3(d) of the Ordinance.

2. Guidelines for determining whether to approve an application for a massagist license are set out in section 4(e) of the Ordinance.

3. Section 9(c) of the Ordinance prohibits employment of any person under the age of eighteen in the operation of a massage business.

4. Ordinance, § 15. The licenses required are annual privilege licenses. Ordinance, § 12. Section thirteen provides for penalties for violations and section fourteen contains a "separability" clause.

The plaintiffs argue that the Massage Parlor Ordinance is unconstitutionally overbroad and unreasonable, that it overbroadly interferes with a legitimate business operation, that it arbitrarily discriminates between classes similarly situated, that it creates an unconstitutional classification based on sex,[5] and that it allows the Board of Commissioners overbroad discretion in granting and revoking licenses.

The Cabarrus County Massage Parlor Ordinance which plaintiffs are attacking is almost identical to the Durham ordinances this Court considered in *Brown v. Brannon,* 399 F.Supp. 133 (M.D.N.C.1975). In *Brannon,* this Court rejected various claims of unconstitutionality and held that the Durham ordinances were valid. For example, the exclusion of licensed medical practitioners, osteopaths, and chiropractors from coverage under the ordinance was held not to violate equal protection, and the licensing provisions of the ordinance were held to be reasonable and rational. The decision was affirmed by the Fourth Circuit. *Brown v. Brannon,* 535 F.2d 1249, No. 75–2111 (4th Cir. 1976) (Table).

The only major difference between the ordinances of Cabarrus County and Durham is the additional provision in the Cabarrus County ordinance which prohibits massage by a person of the opposite sex. A similar prohibition against massage by a person of the opposite sex was upheld in *Hogge v. Johnson,* 526 F.2d 833 (4th Cir. 1975). In the unpublished opinion affirming *Brannon,* the Court of Appeals, citing *Hogge,* said that "[w]e have held that commercial massage parlors in which massages are administered to persons of the opposite sex may be outlawed completely." *Brown v. Brannon, supra* (slip opinion at 2).

In *Hogge,* the court considered the constitutionality of an ordinance prohibiting massage by a person of the opposite sex. That ordinance was similar to an ordinance held constitutional by the Virginia Supreme Court in *Kisley v. City of Falls Church,* 212 Va. 693, 187 S.E.2d 168 (1972). *Kisley* was appealed to the United States Supreme Court, but the appeal was dismissed for want of a substantial federal question. 409 U.S. 907, 93 S.Ct. 237, 34 L.Ed.2d 169 (1972). The Fourth Circuit, in *Hogge,* noted that under *Hicks v. Miranda,* 422 U.S. 332, 95 S.Ct. 2281, 45 L.Ed.2d 223 (1975), a dismissal by the United States Supreme Court for want of a substantial federal question "is a decision on the merits binding upon the inferior federal courts. It is stare decisis on issues properly presented to the Supreme Court and declared by that Court to be without substance." *Hogge v. Johnson,* 526 F.2d at 835.[6] The *Hogge* court then stated:

> We think the issue presented to the Supreme Court in the appeal of *Kisley* and declared by it to be without substance included the question sought to be raised here: whether the ordinances violate the fourteenth amendment's equal protection clause. Thus, summary dismissal of the appeal in *Kisley* is a perfectly clear precedent that is binding upon us.
>
> 526 F.2d at 835.

The Third Circuit, in *Colorado Springs Amusements, Ltd. v. Rizzo,* 524 F.2d 571 (3d Cir. 1975), used similar reasoning in rejecting various claims of unconstitutionality of an ordinance prohibiting massage by the opposite sex. The court noted, after discussing the effect of a dismissal under *Hicks,* that three cases involving similar ordinances had been dismissed by the Supreme Court for want of a substantial federal question: *Smith v. Keator,* 419 U.S. 1043, 95 S.Ct. 613, 42 L.Ed.2d 636 *dismissing* 285 N.C. 530, 206 S.E.2d 203 (1974); *Rubenstein v. Cherry Hill,* 417 U.S. 963, 94 S.Ct. 3165, 41 L.Ed.2d 1136 (1974); *Kisley v. City of Falls Church, supra.* The court stated that a reading of the appeal papers in those three cases showed that the dismissals of the appeals were precedent for rejecting the following claims the plaintiffs had raised against the ordinance:

---

**5.** This refers to the prohibition in section ten against massage by a person of the opposite sex.

**6.** *Accord, Idaho Ass'n of Naturopathic Physicians, Inc. v. United States Food and Drug Adm.,* 582 F.2d 849 (4th Cir. 1978) (applying *Hicks*).

claims based upon equal, but reprehensible, treatment of both sexes; an invidiously discriminatory sex-based classification; an irrational exception . . . for massage treatments given under the direction of a medical practitioner; unreasonable abridgement of the right to pursue a legitimate livelihood; and the irrebuttable presumption doctrine.

*Colorado Springs Amusements, Ltd. v. Rizzo,* 524 F.2d at 576.

The United States Supreme Court denied petitions for writ of certiorari in both the *Hogge* and *Colorado Springs* cases. 428 U.S. 913, 96 S.Ct. 3228, 49 L.Ed.2d 1221, 1222 (1976).

There are numerous cases, in addition to *Brannon, Hogge,* and *Colorado Springs,* that have upheld ordinances regulating massage parlors and prohibiting massages by a person of the opposite sex. *See Tomlinson v. Mayor & Aldermen of City of Savannah,* 543 F.2d 570 (5th Cir. 1976) (same reasoning as Third Circuit's *Colorado Springs*); *United Health Clubs of America, Inc. v. Strom,* 423 F.Supp. 761 (D.S.C.1976) (three-judge court held state statute regulating massage parlors constitutional; statutory provisions not as specific as Cabarrus County ordinance); *Brown v. Haner,* 410 F.Supp. 399 (W.D.Va.1976); *Garaci v. City of Memphis,* 379 F.Supp. 1393 (W.D.Tenn. 1974); *City of Indianapolis v. Wright,* Ind., 371 N.E.2d 1298 (same reasoning as *Colorado Springs*), *appeal dismissed for want of a substantial federal question,* —— U.S. ——, 99 S.Ct. 60, 58 L.Ed.2d 97 (1978); *Holt v. City of San Antonio,* 547 S.W.2d 715 (Tex. Ct.App.1977); *Cullinane v. Geisha House, Inc.,* 354 A.2d 515 (D.C.App.) (same reasoning as *Colorado Springs*), *cert. denied,* 428 U.S. 923, 96 S.Ct. 3234, 49 L.Ed.2d 1226 (1976); *Smith v. Keator,* 285 N.C. 530, 206 S.E.2d 203, *appeal dismissed for want of a substantial federal question,* 419 U.S. 1043, 95 S.Ct. 613, 42 L.Ed.2d 636 (1974) (see above); *Kisley v. City of Falls Church,* 212 Va. 693, 187 S.E.2d 168, *appeal dismissed for want of a substantial federal question,* 409 U.S. 907, 93 S.Ct. 237, 34 L.Ed.2d 169 (1972) (see above); *Connell v. State,* 371 S.W.2d 45 (Tex.Cr.App.1963); *Patterson v. City of Dallas,* 355 S.W.2d 838 (Tex.Civ. App.1962), *appeal dismissed for want of a substantial federal question,* 372 U.S. 251, 83 S.Ct. 873, 9 L.Ed.2d 732 (1963); *Ex Parte Maki,* 56 Cal.App.2d 635, 133 P.2d 64 (1943). *Contra, Cianciolo v. Members of City Council, Knoxville, Tenn.,* 376 F.Supp. 719 (E.D. Tenn.1974); *Corey v. City of Dallas,* 352 F.Supp. 977 (N.D.Tex.1972), *rev'd on other grounds,* 492 F.2d 496 (5th Cir. 1974); *J.S.K. Enterprises, Inc. v. City of Lacey,* 6 Wash. App. 43, 492 P.2d 600 (1971).

In light of *Brannon, Hogge,* and the other cases cited above, the Court concludes that plaintiffs' attack on the constitutionality of the Cabarrus County Massage Parlor Ordinance must fail.[7] The Massage Parlor Ordinance is a lawful and valid ordinance enacted to protect the health, safety, and welfare of the citizens of Cabarrus County. All relief requested by the plaintiffs will be denied, and this action will be dismissed. A judgment will be entered accordingly.

---

**7.** In the Final Pre-Trial Order, the plaintiffs moved to amend their complaint to allege that the ordinance unlawfully requires them to violate Title VII of the Civil Rights Act, 42 U.S.C. § 2000e *et seq.* The Court will not grant the motion because it would be futile. The Fourth Circuit has held that an ordinance prohibiting commercial massages by a person of the opposite sex does not contravene Title VII. *Aldred v. Duling,* 538 F.2d 637 (4th Cir. 1976).