Juanita Watts ALDRED et al.,
Appellants,

v.

Frank S. DULING, Chief of Police, City
of Richmond, et al., Appellees.

No. 76–1076.

United States Court of Appeals,
Fourth Circuit.

Argued June 7, 1976.

Decided Aug. 9, 1976.

Michael Morchower, Richmond, Va. (John W. Luxton, Ott, Morchower, Thompson & McMullan, Richmond, Va., on brief), for appellants.

James R. Saul, Asst. City Atty., Conard B. Mattox, Jr., City Atty., Richmond, Va., (Henry M. Jarvis, Asst. City Atty., Richmond, Va., on brief), for appellees.

Before HAYNSWORTH, Chief Judge, WINTER, Circuit Judge, and MARKEY,* Chief Judge.

PER CURIAM.

Appellants filed a complaint in federal court seeking declaratory and injunctive relief from a recently enacted ordinance of the City of Richmond. The ordinance, which was passed in December of 1975 and became effective on January 1, 1976, proscribed commercial massages in the City of Richmond in which "any physical contact with the recipient of such service is provided by a person of the opposite sex." The plaintiffs contend that the ordinance conflicts with the sex discrimination provisions of Title VII of the Civil Rights Act of 1964, specifically, 42 U.S.C. § 2000e *et seq.*[1] After receiving evidence and hearing arguments, the district court dismissed the complaint as presenting no substantial federal question.

---

* Chief Judge, U. S. Court of Customs and Patent Appeals, Sitting by Designation.

1. 42 U.S.C. § 2000e–2(a) states:
   It shall be unlawful employment practice for an employer—

(1) to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individu-

We affirm.

Bo-Jac, Ltd. owns and operates massage parlors in Virginia and North Carolina. It has employed fifteen or more employees for twenty or more calendar weeks and has also purchased materials and supplies that were shipped in interstate commerce. Thus, it is clear that Bo-Jac is an "employer" within the meaning of 42 U.S.C. § 2000e.

Bo-Jac's operations in Richmond were carried out at the Miss Masseuse massage parlor. All employees of Miss Masseuse who administered massages to patrons were female. The one male employee, the manager, could administer massages if requested, but has never done so. Although Miss Masseuse is open to female patrons, all customers of the business since it opened in 1973 have been male.

When Bo-Jac closed Miss Masseuse on January 1, 1976, all of its masseuses were fired by appellant James Hogge, principal owner of Bo-Jac. On January 5, 1976, Juanita Aldred, one of Bo-Jac's former masseuses and an appellant here, filed a complaint against Bo-Jac and Hogge with the Equal Employment Opportunity Commission alleging that she was discharged solely because of her gender. Hogge testified below that Aldred was a capable employee and that, in fact, he had fired her solely because of her sex. According to Hogge, all patrons of Bo-Jac had been male and no one had requested a masseur. Therefore, it was not feasible for Hogge to retain his female employees after the effective date of the ordinance.

The plaintiffs contend that, since Bo-Jac was an employer under the statute, it was obligated by law not to commit any act which constituted an unlawful employment practice under 42 U.S.C. § 2000e. From there, it is argued that the ordinance must fall under the supremacy clause because it compels the practice of sex discrimination.

The ordinance is not inconsistent with Title VII and must be upheld. Bo-Jac closed its business in Richmond after the ordinance became effective. As a result, it was necessary for the business to dismiss all of its employees at that location, male and female alike. It cannot be seriously contended that Bo-Jac has discriminated against its masseuses when it released all of the employees, including its only male employee.

The restrictions imposed by the Richmond ordinance apply equally to males and females; neither can perform massages on customers who are members of the opposite sex. Until then, Bo-Jac's all-male clientele had requested masseuses exclusively. The ordinance simply prohibits such a practice. It does not, as a legal matter, require Bo-Jac to hire or fire anyone; nor on its face, does it restrict the gender of the customers that Miss Masseuse may serve. As a practical matter, the ordinance made unlawful the only business Bo-Jac had conducted, the business of supplying masseuses to service male customers, but, surely, Title VII cannot be read to foreclose the enactment of ordinances which have the effect of making unlawful conduct which may not have been unlawful when Title VII was enacted. Aldred was not discharged because of her sex; her employment was terminated because her employer went out of business. It had no work to be done which Aldred could lawfully perform.

We hold that the ordinance is not in conflict with Title VII of the Act.

*AFFIRMED.*

---

al's race, color, religion, *sex,* or national origin; or
(2) limit, segregate, or classify his employees or applicants for employment in any way which would deprive or tend to deprive any

individual of employment opportunities or otherwise adversely affect his status as an employee, because of such individual's race, color, religion, *sex,* or national origin. (Emphasis supplied).