**Robert James BLACKMAN, Plaintiff,**

v.

**J. C. GOODMAN, Jr., John M. Belk, and the Members of the City Council of Charlotte, North Carolina, Defendants.**

**JERRY W. HONEYCUTT, INC., d/b/a American Health Clinic, G. H. K. Enterprises, Inc., d/b/a Checkmate Health Club, Robert James Blackman, d/b/a Par-A-Dice Health Clinic, and all other persons, firms and corporations similarly situated, Plaintiffs,**

v.

**Peter A. FOLEY, Chairman, Elisabeth G. Hair, William H. Booe, Robert L. Walton and Edwin B. Peacock, members of Mecklenburg County Board of Commissioners, B. L. Porter, Chief of Police of the Mecklenburg County Police Department, P. E. Bartlett, Lieutenant and head of the Criminal Division of the Mecklenburg County Police Department, and Peter S. Gilchrist, III, District Attorney for the Twenty-Sixth Judicial District of the State of North Carolina, Defendants.**

Nos. C–C–77–346, C–C–78–069.

United States District Court,
W. D. North Carolina,
Charlotte Division.

Sept. 27, 1978.

George S. Daly, Jr., and Durant W. Escott, Casey, Daly & Bennett, P. A., Charlotte, N. C., for Robert James Blackman.

W. A. Watts, Deputy City Atty., Charlotte, N. C., for J. C. Goodman et al.

Gary A. Davis, Charlotte, N. C., for Jerry W. Honeycutt, Inc., et al.

James O. Cobb, Charlotte, N. C., for Peter A. Foley et al.

ORDER

McMILLAN, District Judge.

These two cases challenge the constitutionality of virtually identical local ordi-

nances, one enacted by the City of Charlotte (C–C–77–346), and the other enacted by Mecklenburg County (C–C–78–069). The challenged provisions of the ordinances prohibit a "massage business" from permitting a "massage or treatment to be given by a person to a person of the opposite sex," and prohibit a massagist from massaging or treating a person of the opposite sex.

The plaintiffs in both cases allege that the ordinance requires discrimination in employment opportunities on the basis of sex, which is prohibited under Title VII of the Civil Rights Act of 1964 (42 U.S.C. §§ 2000e et seq.). The plaintiffs in *Honeycutt v. Foley* also allege that the ordinance violates the Fourteenth Amendment to the United States Constitution, and that it violates the North Carolina constitution.

In each case the plaintiffs have established that their businesses employed over fifteen persons at the time the ordinances were enacted; that the customers of the plaintiffs' businesses are almost exclusively male; and that as a result of these ordinances the plaintiffs have been required to terminate several of their female employees because of their sex.

Claims substantially similar to these presented by plaintiffs have been rejected by other courts. In *Smith v. Keator,* 285 N.C. 530, 206 S.E.2d 203 (1974), the North Carolina Supreme Court rejected in part the allegation that an ordinance of this type violated the equal protection or the due process clause of the Fourteenth Amendment. The United States Supreme Court dismissed the appeal in *Smith v. Keator, supra,* for want of a substantial federal question, 419 U.S. 1043, 95 S.Ct. 613, 42 L.Ed.2d 636 (1974), thereby impliedly rejecting all claims that the ordinance violates the Fourteenth Amendment.

In *Brown v. Brannon,* 399 F.Supp. 133 (M.D.N.C. 1975), aff'd. 535 F.2d 1249 (4th Cir. 1976), the claim that this type of ordinance violated the North Carolina constitution was presented. The court held, after dismissing the federal claim, that the pendent state question must be considered by the state courts. Therefore the pendent claim that the ordinances in question here violate the North Carolina constitution will, as in *Brown v. Brannon, supra,* be dismissed as a claim to which there are no federal claims to which it can be attached.

The claim that this ordinance conflicts with the sex discrimination provision of Title VII of the Civil Rights Act of 1964 was addressed by the Fourth Circuit Court of Appeals in *Alred v. Duling,* 538 F.2d 637 (4th Cir. 1976). The facts in *Alred v. Duling* differ somewhat from the facts of this case. The plaintiff in *Alred,* owner of several massage parlors, closed his businesses in response to enactment of an ordinance similar to the ones in issue in these cases. The Fourth Circuit noted that there could be no sex discrimination in such case because the closing of the business caused the plaintiff owner to treat *all* employees, male and female, alike; all were fired. The *Alred* decision by the Fourth Circuit does not squarely control this case, in which the only employees who were fired were female, and in which the ordinance has obviously caused discrimination against female employees on account of their sex.

The Fourth Circuit's *per curiam* opinion in *Alred* does, however, contain language saying that the ordinance does not discriminate against employees on account of sex in that the ordinance "appl[ied] equally to males and females; neither can perform massages on customers who are members of the opposite sex." 538 F.2d at 638. Though not clearly controlling on this case, this language predicts that the Fourth Circuit Court of Appeals would not hold the ordinances in issue here to violate Title VII of the Civil Rights Act of 1964.

IT IS THEREFORE ORDERED that these actions be, and they are hereby dismissed for failure to state claims upon which relief can be granted.

No costs or fees are allowed.