JEAN P. CHEEK AND GILBERT A. CHEEK, T/A PAJA'S BEAUTY AND HEALTH CENTER, AND VIOLET M. McDANIEL, PLAINTIFFS, v. THE CITY OF CHARLOTTE, A MUNICIPAL CORPORATION, DEFENDANT.

(Filed 20 March 1968)

1. **Constitutional Law § 12—**

   A statute or ordinance which curtails the right of a person to engage in an occupation can be sustained as a valid exercise of the police power only if it is reasonably necessary to promote the public health, morals, order, safety or general welfare.

2. **Same—**

   When the legislature undertakes to regulate a business, trade or profession, the courts will assume it acted within its powers until the contrary clearly appears.

3. **Municipal Corporations §§ 24, 27—**

   If the manner in which a trade or occupation is conducted will probably result in injury to the public health, safety or morals, the police power of a municipality may lawfully be used to eliminate the hazard. G.S. 160-200(6).

4. **Municipal Corporations § 27; Constitutional Law §§ 12, 14—**

   The occupation of a massagist and the business of massage parlors and similar establishments are proper subjects for regulation under the police power of a municipality, provided, however, that such regulation be uniform, fair and impartial in its operation.

5. **Constitutional Law § 20—**

   Statutes and ordinances are void as class legislation whenever persons engaged in the same business are subject to different restrictions or are given different privileges under the same conditions.

6. **Same—**

   Inequalities and classifications do not, *per se*, render a legislative enactment unconstitutional.

7. **Same; Municipal Corporations § 27—**

   A municipal ordinance which prohibits a person of one sex from giving a massage to a patron of the opposite sex in a massage parlor, health salon or physical culture studio, but which permits such conduct in a barber shop, beauty parlor, or YMCA or YWCA health club, is unconstitutional, since it arbitrarily discriminates between businesses of the same class.

HUSKINS, J., took no part in the consideration or decision of this case.

APPEAL by plaintiffs from *Hasty, J.,* 8 May 1967 Schedule "C" Non-Jury Session of MECKLENBURG, docketed and argued as Case No. 282 at the Fall Term 1967.

Action by plaintiffs to restrain the enforcement of an ordinance of the City of Charlotte (City).

On 12 December 1966, for the stated purpose of protecting the general health, safety, welfare, and morals of the area, City enacted

"An Ordinance Licensing and Regulating Massage Parlors, Health Salons and Similar Establishments." In brief summary, the ordinance provides: Any person desiring to engage in business as a masseur or masseuse, or to operate an establishment wherein physical treatment or manipulation of the human body is carried on, must first obtain a license from the city council. For the purposes of the ordinance, any person who applies either mechanical or manual massage to the body is deemed to be a masseur or a masseuse. Every applicant for a license must show good health and good moral character and produce either a diploma from a school of physical culture or proof that he or she has had at least two years of practical experience in a duly licensed massage or physical-culture studio. If the applicant is a corporation, its employees must meet the foregoing requirements. Licensees must file with the police department the names and addresses of all their employees and must keep, available for police inspection, accurate records of the names and addresses of all their patrons. No masseur, masseuse, or establishment licensed under the ordinance may engage in business except between the hours of 8:00 a.m. and 10:00 p.m. It shall be unlawful for any masseur, masseuse, or other licensee to treat an individual of the opposite sex except upon the signed order of a licensed physician, osteopath, or registered physical therapist. Such order must specify the number of treatments prescribed, the date and hour of each, and the name of the operator who will give each treatment. It is unlawful for a person under the age of 21 to receive treatment at any massage parlor or similar establishment.

By express provision, the ordinance does "not apply to a regularly established and licensed hospital, sanitarium, nursing home or medical clinic, nor to the office or clinic operated by a duly qualified and licensed medical practitioner in connection with his practice of medicine, provided, however, that such office or clinic is regularly used by such medical practitioner as his principal location for his practice of medicine; nor shall the provisions of this article apply to health club activities of the Young Men's Christian Association or the Young Women's Christian Association; nor shall the provisions of this article apply to duly licensed barber shops and beauty shops."

Plaintiffs allege that the occupation of masseur and masseuse is an ordinary lawful and innocuous business which has no effect upon the public health, safety, welfare, or morals; that the ordinance is an unreasonable and invalid exercise of the police powers of the City of Charlotte in that (1) the ordinance prohibits plaintiffs from engaging in their respective businesses and deprives them of a live-

lihood because — in the main — their patrons are men; and (2) the exemptions arbitrarily discriminate between plaintiffs and others of the same class. Plaintiffs seek a permanent injunction restraining City from enforcing the ordinance.

On 13 March 1967, Judge Froneberger issued a temporary restraining order, which was continued until the final hearing before Judge Hasty on 31 May 1967. The parties waived a jury trial and stipulated that Judge Hasty might hear the evidence, make findings of fact, and render final judgment on the merits of the cause. Both plaintiffs and defendant offered evidence.

Plaintiffs' evidence tended to show the following facts: Plaintiff Violet M. McDaniel is manager and masseuse at the BMG Health Company. On 12 December 1966, she worked in a similar capacity at Marie's Health Salon. All of the customers of Marie's in early December 1966 were men and all the employees were women (masseuses). Immediately prior to the enactment of the ordinance, Marie's employed four trained masseuses, whose weekly income was $70.00-$80.00. The average weekly income of the Health Salon varied from $500.00-$700.00. After the passage of the ordinance, Marie's closed until the latter part of February 1967, when a male massager (masseur) was obtained. The income of Marie's during a three-weeks' period with the male operator was only $60.00. After the temporary restraining order was obtained, the income of the salon returned to its pre-ordinance level.

Defendant's evidence tended to show: At the time the ordinance was passed, approximately 17 massage parlors, or health salons, were operating in the City of Charlotte. The city council enacted the ordinance at the request of the police department, which had received numerous complaints that certain lewd and unlawful conduct was routine in these establishments. Several plain-clothes police officers of the City, in the course of an official investigation, had visited the massage parlors, requested and received lewd massages. Their inquiries revealed that some of the massage parlors were likewise places of prostitution.

Judge Hasty found facts in accordance with all the evidence and concluded that (1) immoral acts are likely to result, and do result, from the massage of a person of one sex by a person of another sex in massage parlors and health salons; (2) that the challenged ordinance seeks to protect the health and morals of the Charlotte community; and (3) that the ordinance does not prohibit, but merely regulates, the conduct of massage parlors and health salons. He ruled that the ordinance was a constitutional exercise of City's police

powers and dissolved the restraining order, which had been issued on March 13th. Plaintiffs excepted to the judgment and appealed.

*Craighill, Rendleman & Clarkson by Francis O. Clarkson, Jr., and Hugh B. Campbell, Jr., for plaintiff appellants.*
*Paul L. Whitfield for defendant appellee.*

SHARP, J. Plaintiffs first attack the ordinance with the assertion that it unreasonably obstructs their right to earn a livelihood by giving massage treatments, which — they say — is an ordinary and harmless occupation which defendant has no authority to regulate.

The rule is that a statute or ordinance which curtails the right of any person to engage in any occupation can be sustained as a valid exercise of the police power only if it is reasonably necessary to promote the public health, morals, order, safety, or general welfare. *State v. Ballance*, 229 N.C. 764, 51 S.E. 2d 731. "The legislature may not, under the guise of protecting the public interests, arbitrarily interfere with private business, or impose unusual and unnecessary restrictions upon lawful occupations." *Lawton v. Stell*, 152 U.S. 133, 137, 38 L. ed. 385, 388-89, 14 S. Ct. 499, 501. When, however, the legislative body undertakes to regulate a business, trade, or profession, courts assume it acted within its powers until the contrary clearly appears. *Roller v. Allen*, 245 N.C. 516, 96 S.E. 2d 851. See 2 Strong, N. C. Index 2d, Constitutional Law § 12 (1967).

North Carolina has not considered the validity of an ordinance or statute regulating massage parlors, masseurs, masseuses, or similar operations. In *State v. Biggs*, 133 N.C. 729, 46 S.E. 401, by a special verdict, the jury found that defendant administered massage, baths, and physical culture, manipulated the muscles, bones, spine, and solar plexus, and kneaded the muscles with the fingers of the hand. He advised "his patients" what to eat, but he prescribed no drugs and performed no surgery. In reversing defendant's conviction for practicing medicine without a license, this Court stated: "There is nothing in this treatment that calls for an exercise of the police power by way of an examination by a learned board in obstetrics, therapeutics, *materia medica*, and the other things, a knowledge of which is so properly required for one who would serve the public faithfully and honorably as a doctor of medicine." The decision was: "The police power does not extend to such cases." *Id.* at 738, 46 S.E. at 404.

To hold that a massage treatment does not, by itself, constitute the practice of medicine is not to hold that massage parlors, health salons, and the activities of professional massagists cannot be regu-

lated. If the probable result of the manner in which they are conducted is injury to the public health, safety, or morals, City's police power may lawfully be used to eliminate the hazard. G.S. 160-200(6), (7); *State v. Harris,* 216 N.C. 746, 6 S.E. 2d 854; Chapter 713, § 6.41, N. C. Session Laws 1965. "From their nature," it appears that massage parlors are a business "where abuses of morality and violations of law may readily exist." *Hora v. City and County of San Francisco,* 43 Cal. Rptr. 527, 530 (Dist. Ct. App.).

The general right to regulate massagists on the grounds of public health, safety, and morality has been recognized in several cases. See Annot., Regulation of Masseurs, 17 A.L.R. 2d 1183, 1190 (1951).

*Ex Parte Maki,* 56 Cal. App. 2d 635, 133 P. 2d 64 (1943) (the leading case on this subject) involved the constitutionality of an ordinance of the City of Los Angeles which, *inter alia,* forbade any person, for hire or reward, to administer a massage to a person of the opposite sex unless the massage be given under the supervision of a licensed physician. The appellant there, as here, contended that the ordinance deprived him of a property right without due process of law and denied him the equal protection of the laws. In declaring the ordinance constitutional, the court said:

"The ordinance applies alike to both men and women. . . . The barrier erected by the ordinance against immoral acts likely to result from too intimate familiarity of the sexes is no more than a reasonable regulation imposed by the city council in the fair exercise of police powers." *Id.* at 635, 133 P. 2d at 67.

". . . The reasonable exercise of the police power in regulating any occupation in order to maintain the moral welfare does not arbitrarily deprive a person so engaged of his property. . . . Enactments that curb the vicious or restrain the wicked necessarily restrict the emoluments of his enterprise. However, such results are not to be considered in determining the validity of a law.

"\* \* \*

"There is nothing in the ordinance that denies the equal protection guaranteed by the Fourteenth Amendment. It applies to all alike who give massages for hire and who are not licensed to practice one of the arts of healing." *Id.* at 643-44, 133 P. 2d at 68-69.

*Patterson v. City of Dallas,* 355 S.W. 2d 838 (Tex. Civ. App. 1962) was a suit to enjoin the enforcement of a comprehensive ordinance regulating massage establishments. *Inter alia,* it prohibited any person from administering a massage to a member of the opposite sex. Chiropractors, registered physical therapists, and registered nurses operating under the direction of a physician were excluded from the operation of the ordinance. In upholding the ordinance in

its entirety, the Texas court said that the case of *Ex Parte Maki* was so well decided that it was decisive of the appeal. The court encountered no difficulty in finding reasonable grounds for the discrimination in favor of the persons exempted. To sustain a criminal prosecution for a violation of the same ordinance, in *Connell v. State,* 371 S.W. 2d 45 (Tex. Crim. App. 1963), the court relied upon *Patterson v. City of Dallas. Accord, City of Houston v. Shober,* 362 S.W. 2d 886 (Tex. Civ. App. 1962); *Gregg v. State,* 376 S.W. 2d 763 (Tex. Crim. App. 1964).

*People v. City of Chicago,* 312 Ill. App. 187, 37 N.E. 2d 929 (1941) was a mandamus proceeding to compel Chicago to issue plaintiff a license to operate a massage parlor. His license had been revoked the preceding year when police investigation revealed that in plaintiff's business female attendants customarily massaged male patrons. This admitted fact, the court held, proved the mayor's refusal to issue the license to be neither unreasonable, arbitrary, nor capricious, but the exercise of a sound discretion.

We hold that the occupation of a massagist and the business of massage parlors and similar establishments are proper subjects for regulation under the police power of the City of Charlotte. Such regulation, however, must be uniform, fair, and impartial in its operation. "Even though statutes are passed in the interest of the public health, safety, or morals, they are void as class legislation wherever they are made to apply arbitrarily only to certain persons or classes of persons or to make an unreasonable discrimination between persons or classes. . . ." 16A C.J.S. *Constitutional Law* § 493 (1956).

Plaintiffs' second contention is that the ordinance is unconstitutional because it discriminates among persons and establishments of the same kind. Statutes and ordinances "are void as class legislation . . . whenever persons engaged in the same business are subject to different restrictions or are given different privileges under *the same conditions.*" 16A C.J.S. *Constitutional Law* § 496 (1956). (Emphasis added); *Clinton v. Oil Co.,* 193 N.C. 432, 137 S.E. 183; *State v. Glidden Co.,* 228 N.C. 664, 46 S.E. 2d 860. Inequalities and classifications, however, do not, *per se,* render a legislative enactment unconstitutional. *Ramsey v. Veterans Commission,* 261 N.C. 645, 135 S.E. 2d 659; *State v. Trantham,* 230 N.C. 641, 55 S.E. 2d 198; 2 Strong, N. C. Index 2d, Constitutional Law § 20 (1967).

" 'Class legislation' is not offensive to the Constitution when the classification is based on a reasonable distinction and the law is made to apply uniformly to all the members of the class affected.

Or, as the principle is more often expressed, when the law applies uniformly to all persons in like situation, — which of itself implies that the classification must have a reasonable basis, without arbitrary discrimination between those in like situation." *State v. Glidden Co., supra* at 666, 46 S.E. 2d at 862. *Accord, Motley v. Board of Barber Examiners,* 228 N.C. 337, 45 S.E. 2d 550.

Applying the fundamental rules of constitutional law set out above, it is clear that the ordinance in suit cannot withstand plaintiffs' second attack. There is no reasonable ground for putting barber shops, beauty parlors, Y. M. C. A. and Y. W. C. A. health clubs in a separate classification from massage parlors, health salons, or physical culture studios. Therefore, an ordinance which prohibits a person of one sex from giving a massage to a patron of the opposite sex in the latter, and permits it in the former, makes a purely arbitrary selection. It "has no reasonable relation to the purpose of the law, only serving to mechanically split into two groups persons in like situations with regard to the subject matter dealt with but in sharply contrasting positions as to the incidence and effect of the law." *State v. Glidden Co., supra* at 668, 46 S.E. 2d at 862.

Obviously, the city council felt that the activities which the ordinance seeks to eliminate were not then being carried on in the exempted establishments. Notwithstanding, as presently written, the ordinance prohibits the proprietors and employees of a massage parlor from doing acts which can be done with impunity under similar circumstances in a barber shop or any of the other exempted places of business. Such favoritism cannot be sustained. *Clinton v. Oil Co., supra.*

The judgment of the court below is
Reversed.

HUSKINS, J., took no part in the consideration or decision of this case.