S. H. HURSEY, JR., t/b/a HURSEY'S HANDY CORNER; DWIGHT SHOFFNER, t/b/a HILLTOP GROCERY; TROY E. PERKINS, t/b/a PERKINS GROCERY, AND JOWEL BARRINGER, t/b/a GIBSONVILLE RED AND WHITE GROCERY STORE, PLAINTIFFS

— v. —

THE TOWN OF GIBSONVILLE, A MUNICIPAL CORPORATION, AND M. W. MILLIGAN, CHIEF OF POLICE OF THE TOWN OF GIBSONVILLE, DEFENDANTS

— AND —

ROBERT MORGAN, ATTORNEY GENERAL OF NORTH CAROLINA, ADDITIONAL DEFENDANT

No. 7318SC374

(Filed 11 July 1973)

Constitutional Law § 12; Intoxicating Liquor § 1— prohibiting sale of beer and wine on Sunday — exemption of holders of brown bagging permits — unconstitutionality

The proviso of G.S. 18A-33(b) excluding the holders of "brown bagging" permits from provisions of that statute authorizing municipalities and counties to prohibit beer and wine sales from 1:00 p.m. on Sunday until 7:00 a.m. on Monday is unconstitutional as an impermissible discrimination arbitrarily established between competing businesses in similar situations which has no reasonable relation to the purpose of the law; however, the remainder of that statute is a valid exercise of the police power and grants to municipalities the authority to place and enforce a total ban on the sale of beer and wine on Sundays after 1:00 p.m.

APPEAL by plaintiffs and Attorney General from *Exum, Judge,* 18 December 1972 Session of Superior Court held in GUILFORD County.

Plaintiffs operate retail businesses in Gibsonville, North Carolina. They hold G.S. 18A-38(e)(2) and/or (d)(2) alcoholic

beverage control permits which allow them to sell wine and beer (or just beer) for off-premises consumption.

They are subject to G.S. 18A-33(a) which imposes a state-wide prohibition on beer and wine sales from 1:00 a.m. (EST) to 1:00 p.m. (EST) on Sundays. (This statute provides for daylight savings time variations, but these variations are not pertinent to this appeal.) G.S. 18A-33(b) gives municipalities and counties the power to regulate and prohibit beer and wine sales from 1:00 p.m. Sunday until 7:00 a.m. Monday and, pursuant to this grant of authority, the town of Gibsonville has enacted an ordinance (Gibsonville, N. C. Ordinance, Ch. L, Art. IV, Sec. 1) which prohibits beer and wine sales from 1:00 p.m. Sunday until 7:00 a.m. Monday. G.S. 18A-33(b) however has a proviso which states that " . . . municipalities and counties shall have no authority under this subsection to regulate or prohibit sales after 1:00 p.m. on Sundays by establishments having a permit issued under Article 3 of this Chapter." Permits issued under Article 3 are commonly known as "brown bagging" permits and allow the holder to permit consumption of alcoholic beverages on the premises covered by the permit.

The local ordinance here is a total ban on the sale of beer and wine, but, presumably acting under the G.S. 18A-33(b) proviso, the town authorities do not enforce the ordinance against the holders of "Article 3" or "brown bagging" permits. The result is that "brown bagging" permit holders who also have beer and wine permits are allowed to sell wine and beer for off-premises consumption after 1:00 p.m. on Sunday whereas those who have off-premises permits only, and not the "brown bagging" permit, such as the plaintiffs, are not allowed to engage in such sales on Sunday at all.

The court below concluded: "2. Insofar as the proviso of G.S. 18A-33(b) permits businesses which hold BROWN BAGGING PERMITS to sell beer on Sundays after 1:00 o'clock p.m. for off-premises consumption while other competing businesses holding merely OFF-PREMISES BEER PERMITS may be prohibited by local ordinances from such sales, the proviso creates an invidious discrimination and a classification without any reasonable basis and is, to this extent unconstitutional, void, and of no further force and effect."

The judgment decreed: "1. The Town of Gibsonville shall hereafter give no further force or effect to the proviso of G.S.

18A-33(b) insofar as it purports to prohibit Gibsonville from enforcing its ORDINANCE against businesses holding BROWN BAGGING PERMITS to the extent that these businesses sell beer on Sundays for consumption off-premises.

2. The Town of Gibsonville shall hereafter enforce the ORDINANCE against all businesses whether or not the businesses hold a BROWN BAGGING PERMIT to the extent that these businesses sell beer on Sundays for consumption off their own premises.

3. The Town of Gibsonville shall comply fully with the proviso of G.S. 18A-33(b) insofar as it prohibits Gibsonville from enforcing the ORDINANCE against the sale of beer for consumption on-premises by any business which has a BROWN BAGGING PERMIT."

Plaintiffs appeal from the total ban now imposed on Sunday beer and wine sales and the State appeals from the court's determination that a portion of the statute is unconstitutional. The town of Gibsonville was designated as the appellee on appeal and they assert that G.S. 18A-33(b) and their ordinance are constitutional in all respects.

*Walker, Short & Alexander, by W. Marcus Short, and Forrest E. Campbell, for plaintiff appellants.*

*Smith, Moore, Smith, Schell & Hunter, by Beverly C. Moore, for defendant appellees.*

*Robert Morgan, Attorney General, by Howard A. Kramer, Associate Attorney, for additional defendant State of North Carolina.*

BALEY, Judge.

G.S. 18A-33(b) reads in pertinent part:

"In addition to the restrictions on the sale of malt beverages and/or wines (fortified or unfortified) set out in this section, the governing bodies of all municipalities and counties in North Carolina shall have, and they are hereby vested with, full power and authority to regulate and prohibit the sale of malt beverages and/or wine (fortified or unfortified) from 1:00 p.m. on each Sunday until 7:00 a.m. on the following Monday. Provided, however, that municipalities and counties shall have no authority under

this subsection to regulate or prohibit sales after 1:00 p.m.
on Sundays by establishments having a permit issued under
Article 3 of this Chapter."

Plaintiffs assert that the statute is unconstitutional as it violates
the equal protection clause of the Constitution of North Car-
olina, Article 1, Section 19, and the Fourteenth Amendment of
the Constitution of the United States, and that the ordinance
of the town of Gibsonville based thereon which prohibits sale
of beer and wine on Sunday after 1:00 p.m. is void.

The State maintains that the enactment of G.S. 18A-33(b)
is within the constitutional power of the General Assembly and
the holding of the court below limiting the effect of the proviso
contained in G.S. 18A-33(b) is error.

We hold that G.S. 18A-33(b) *without the proviso limiting
its application* is a valid exercise of the police power of this
State and grants to the town of Gibsonville the authority to
place and enforce a total ban on the sale of beer and wine on
Sundays after 1:00 p.m. There is a total ban imposed upon
Sunday sales until 1:00 p.m. by G.S. 18A-33(a).

The proviso in G.S. 18A-33(b) confers a special privilege
upon holders of Article 3 or "brown bagging" permits who also
hold beer and/or wine permits to sell beer and/or wine on
Sundays after 1:00 p.m. when other competing businesses, such
as plaintiffs, are not so allowed.

Conceding that the General Assembly has the authority to
establish different permit categories for types of establish-
ments which sell beer and wine and establishments which
permit the consumption of other alcoholic beverages on their
premises, the classification of the types of permit holders must
be based on reasonable distinctions and affect all persons in
like situations or engaged in the same business without dis-
crimination. This principle was succinctly stated in *Cheek v.
City of Charlotte*, 273 N.C. 293, 298, 160 S.E. 2d 18, 23, as
follows: "Statutes and ordinances 'are void as class legis-
lation . . . whenever persons engaged in the same business are
subject to different restrictions or are given different privileges
under *the same conditions.*' "

The General Assembly likewise has the unquestioned au-
thority to grant to municipalities the authority to pass ordinances
relating to the sale of beer and wine as long as they are not

discriminatory. Here the town of Gibsonville has exercised this authority granted by the General Assembly and has passed an ordinance which places a ban on Sunday sales of beer and wine. The effect of the proviso in G.S. 18A-33(b), however, is to exclude a class of citizens from the application of the ordinance without any logical basis for such exclusion. As the statute now reads with the proviso holders of Article 3 or "brown bagging" permits who also hold permits to sell beer and/or wine are not to be governed by the same regulations which are applicable to other competing establishments which hold only permits to sell beer and/or wine and who may desire to engage in the sale of beer and/or wine after 1:00 p.m. on Sundays. This cannot be sustained.

It is difficult to see how permitting one group to sell beer and wine after 1:00 p.m. on Sundays and forbidding another competing group to do so, particularly in the sale of beer for consumption off premises, can be other than discriminatory. This is all the proviso does, and it cannot be rationally justified upon any basis in keeping with the regulation and control of the sale of beer and wine. As to the sale for off-premises consumption, which is the area in which plaintiffs are in competition with holders of "brown bagging" permits, it makes little difference where beer or wine may be purchased if it is to be consumed elsewhere. Indeed it would seem logical that an establishment which is authorized to permit consumption of alcoholic beverages on its premises (holders of "brown bagging" permits) may be less desirable as a place to purchase beer and/or wine on Sunday after 1:00 p.m. than a grocery store which could only sell beer for off-premises consumption. Suffice it to say the proviso excluding "brown bagging" permit holders from the ban on Sunday sales of beer and/or wine after 1:00 p.m. is an impermissible discrimination arbitrarily established between competing businesses in similar situations which has no reasonable relation to the purpose of the law. *State v. Greenwood,* 280 N.C. 651, 187 S.E. 2d 8; *Cheek v. City of Charlotte, supra; State v. Smith,* 265 N.C. 173, 143 S.E. 2d 293; *State v. Glidden Co.,* 228 N.C. 664, 46 S.E. 2d 860.

The ordinance of the town of Gibsonville as authorized by G.S. 18A-33(b) is valid and enforceable against all its citizens without discrimination. G.S. 18A-33(b) is a constitutional exercise of the power of the General Assembly except for the proviso which excludes businesses with Article 3 or "brown

bagging" permits from the remainder of G.S. 18A-33(b). The proviso is unconstitutional and void. The judgment below is modified to permit the town of Gibsonville to enforce its ordinance against the sale of beer and wine on Sundays after 1:00 p.m. without restriction.

Modified and affirmed.

Judges BRITT and HEDRICK concur.