STATE OF NORTH CAROLINA v. EUGENE WILLARD ENSLIN

No. 794SC220

(Filed 7 August 1979)

1. **Constitutional Law § 12.1; Municipal Corporations § 37.2— privilege license for massage business—two ordinances—notice of prohibited conduct**

    The fact that a city had two ordinances requiring a privilege license for a massage business did not render the ordinance under which defendant was charged for failure to obtain such a license void for vagueness, since such ordinance provided defendant with abundant fair notice that operating a massage business without a privilege license was prohibited

2. **Constitutional Law § 12.1; Municipal Corporations § 37.2— privilege license for massage business—equal protection**

    A city ordinance requiring a privilege license for the operation of a massage business did not violate the Equal Protection Clause because it exempted regularly established and licensed medical clinics and offices or clinics operated by a licensed medical practitioner, osteopath or chiropractor in connection with his practice, since such exemptions were reasonable.

APPEAL by defendant from *Stevens, Judge.* Judgment entered 12 December 1978 in Superior Court, ONSLOW County. Heard in the Court of Appeals 11 June 1979.

Defendant was charged with operating a massage business known as "International Massage" without first having applied for and received a privilege license from the Jacksonville City Tax Collector in violation of Jacksonville City Ordinance, Chapter 14A, Section 1-1, subsection (c)(1), which provides as follows:

> "No person, partnership, corporation or association shall operate a massage business as herein defined unless such person, partnership, corporation or association shall first have applied for and received a privilege license from the City Tax Collector."

Section 1-1(b)(3) defining massage business provides that:

> "MASSAGE BUSINESS means any establishment or business wherein massage is practiced, including establishments, commonly known as health clubs, physical culture studios and massage parlors."

Defendant was found guilty as charged in district court and sentenced, suspended on condition that a fine of $50 and costs be paid, and that defendant obtain a license under Chapter 14A of the Jacksonville City Ordinance. The conviction was appealed to Superior Court.

Defendant filed in Superior Court a motion seeking to dismiss the charges on the grounds that the ordinance denies defendant the equal protection of the laws. Defendant's motion also pointed out that the City of Jacksonville's city ordinances contained in Chapter 17-15 another ordinance regulating the same conduct, and he alleged that having two applicable ordinances rendered the ordinance under which he was charged void for vagueness. The motion was heard and denied after the trial court considered counsel's briefs and documents. Defendant was brought for trial de novo in the Superior Court. His trial motion for a directed verdict was denied, and the jury returned a guilty verdict. Defendant appeals assigning error to the denial of his motion to dismiss the charges, and appeals the denial of his motion for directed verdict at trial.

*Attorney General Edmisten, by Assistant Attorney General Joan H. Byers, for the State.*

*Fred W. Harrison for defendant appellant.*

MORRIS, Chief Judge.

[1] Defendant challenges the rulings of the trial court and the applicable ordinance on two grounds. First, defendant contends Jacksonville's massage business licensing laws are unconstitutionally vague because two different ordinances purport to cover the same conduct. Defendant does not argue that the statute under which he is charged is vague in itself, but he argues that having two ordinances in effect, neither of which has been repealed or expressly superseded, violates due process by failing to provide fair warning of the prohibited acts and leaving impermissible discretion to law enforcement officers. *See generally Papachristou v. City of Jacksonville*, 405 U.S. 156, 92 S.Ct. 839, 31 L.Ed. 2d 110 (1972).

The ordinance under consideration operates in the field of business regulation, although it is in some respects a penal act. The courts recognize greater leeway in the sweep of statutory language in the regulation of business. *Id.* Furthermore, since the statute does not involve First Amendment freedoms, the ordinance will be considered in light of the specific facts of this case, and the specificity of the ordinance will be less strictly scrutinized. *See Buckley v. Valeo*, 424 U.S. 1, 96 S.Ct. 612, 46 L.Ed. 2d 659 (1976); *United States v. National Dairy Products Corp.*, 372 U.S. 29, 83 S.Ct. 594, 9 L.Ed. 2d 561 (1963), *reh. denied*, 372 U.S. 961, 83 S.Ct. 1011, 10 L.Ed. 2d 13 (1963). Therefore, we consider the fundamental due process question whether the ordinance "fails to give a person of ordinary intelligence fair notice that his contemplated conduct is forbidden by the statute." *United States v. Harriss*, 347 U.S. 612, 617, 74 S.Ct. 808, 98 L.Ed. 989, 996 (1954); *see also Lanzetta v. New Jersey*, 306 U.S. 451, 59 S.Ct. 618, 83 L.Ed 888 (1939).

In our opinion, the ordinance under which defendant was convicted provided defendant with abundant fair notice that operating a massage business without a privilege license was prohibited. The applicable provisions of the "new" statute quoted

above clearly requires a privilege license. Similarly, the "old" ordinance, even if it also were applicable, requires that:

"SECTION 1-2. APPLICATION FOR LICENSE.

Any person desiring to engage in the business, trade or profession of masseur or masseuse or the operation or carrying on of any of the businesses, trades, professions, occupations or callings mentioned in Section 1-1 shall, before engaging in such business, trade, profession, occupation or calling, file an application for a license addressed to the City Council of the City of Jacksonville. Such application shall be in writing and shall set forth the following.

(a) Name and address of applicant. If such applicant be a corporation, the address or addresses of such corporation.

(b) Qualifications must be plainly stated and must be submitted together with required exhibits annexed to said application."

The fact that there were two ordinances which might apply did not deny this defendant notice that a privilege license was required. Under either ordinance, defendant knew that he must have a license and that he should apply to the City Council for it. This he did not do, in violation of both ordinances.

Defendant also argues that the ordinance is so vague as to permit arbitrary enforcement. We need not address the question concerning whether the standards for granting the privilege license are sufficient and whether the procedures satisfy procedural due process requirements. There is no indication that this defendant has ever applied for a license. The only infirmity of which this defendant may complain is that concerning whether the ordinance requires that he apply for a privilege license. In this respect, as we noted above, the ordinance is plain and unambiguous.

[2] Defendant also attacks the ordinance on equal protection grounds asserting that the ordinance improperly granted immunity to businesses similarly situated. The ordinance specifically exempts from the licensing requirements a "regularly established and licensed hospital, sanitarium, nursing home or medical clinic" or an "office or clinic operated by a duly qualified and licensed

medical practitioner, osteopath or chiropractor in connection with his practice . . ." In the first section of the ordinance defining the law's purpose, the specific target for licensing was "the privilege of carrying on the business, trade or profession of masseur or masseuse and for the operation or carrying on of the businesses, . . . commonly known as massage parlors, health salons, physical culture studios, . . . or similar establishments by whatever name designated . . ." To satisfy the requirements of equal protection, it is only necessary that the classifications established by the ordinance be based upon reasonable, non-arbitrary standards. *Check v. City of Charlotte*, 273 N.C. 293, 160 S.E. 2d 18 (1968). The ordinance exempts already licensed health care facilities from the further requirement of obtaining a privilege license from the city. Qualifications for the privilege license simply require that each applicant show proof of good moral character and furnish a health certificate from a medical doctor. Such requirements are far below the qualifications necessary to establish a licensed health care facility or to obtain a license to practice in one of the enumerated schools of medicine. In our opinion, the exclusion of licensed health care facilities and the enumerated professional health care providers from the additional requirements of the privilege license is reasonable.

For the foregoing reasons, we find in the trial below

No error.

Judges PARKER and MARTIN (Harry C.) concur.