Butler v. Peters, Comr. of Motor Vehicles

---

CORNELIUS BUTLER, JR. v. ELBERT L. PETERS, JR., COMMISSIONER OF MOTOR VEHICLES OF THE STATE OF NORTH CAROLINA

No. 8019SC1044

(Filed 2 June 1981)

1. **Constitutional Law § 12.1— motor vehicle dealer licensing law — posting of bond — statute constitutional**

   G.S. 20-288(e) which added the posting of a $15,000 bond to the motor vehicle dealer licensing law requirements was not unconstitutional in that it unreasonably restricted plaintiff's right to engage in his occupation of manufacturing trailers, since the complexities surrounding the sale, dealer servicing, warranties, financing, titling and registration of motor vehicles makes their distribution a business which easily could be conducted so as to become a medium of fraud and dishonesty; where a business easily can be conducted so as to become a medium of fraud and dishonesty, the State's power to regulate such a business includes the right to require a bond or security for the faithful performance of the obligations incident to the business; and the regulation complained of in this case is based upon reasonable grounds, is not arbitrary, and is therefore a proper exercise of the State's police power.

2. **Constitutional Law § 12.1— motor vehicle dealer licensing law — posting of bond — exemption of some manufacturers and dealers**

   There was no merit to plaintiff's contention that the exemption of manufacturers and dealers of trailers of less than 4,000 pounds empty weight from the bonding requirement of G.S. 20-288(e) denied plaintiff equal protection of the law, since, under N.C. law, trailers weighing less than 4,000 pounds are exempt from brake requirements, directional signals, lighting requirements, and clearance lamps; smaller trailers cost less, are of simpler construction, and involve warranty problems of less magnitude; and the difference in treatment between trailers over 4,000 pounds and trailers less than 4,000 pounds therefore has a reasonable basis in relation to the purpose of the statute in question.

APPEAL by plaintiff from *Lupton, Judge.* Judgment entered 5 July 1980 in Superior Court, RANDOLPH County. Heard in the Court of Appeals 30 April 1981.

Plaintiff is the manufacturer of special purpose trailers, such as reel trailers and trailers for moving small to medium earth digging equipment. His operation is inter- and intrastate, both in the purchase of raw material used to manufacture his trailers and in the sale of the finished trailer. His gross sales in 1978 were approximately one million dollars and in 1979 were about 1.4 million dollars.

In 1977, the General Assembly, by the passage of G.S. 20-288 (e), added to the dealer licensing law requirements the posting of a $15,000 bond. Plaintiff posted the required bond under protest and made demand for refund, which was denied by the Commissioner of Motor Vehicles. Plaintiff then instituted this action seeking to recover his bond premiums and a declaration that G.S. 20-288(e) is unconstitutional. From a judgment for the defendant, plaintiff appeals.

*Attorney General Edmisten, by Deputy Attorney General William W. Melvin, for the State.*

*Gavin & Pugh, by W. Ed Gavin, for the plaintiff appellant.*

ARNOLD, Judge.

Plaintiff contends that the bond requirement, G.S. 20-288(e), as amended, imposed by the State under its police power, deprives him of his liberty or property in violation of Article I, Sections 1 and 19 of the North Carolina Constitution.

G.S. 20-288(e) provides as follows:

(e) Each applicant approved by the Division for license as a motor vehicle dealer, manufacturer, distributor branch, or factory branch shall furnish a corporate surety bond or cash bond or fixed value equivalent thereof in the principal sum of fifteen thousand dollars ($15,000) and an additional principal sum of five thousand dollars ($5,000) for each additional place of business within this State at which motor vehicles are sold. Each application for a license or a renewal of a license shall be accompanied by a list of locations at which the appli-

cant engages in the business of selling motor vehicles in this State. A corporate surety bond shall be approved by the Commissioner as to form and shall be conditioned that the obligor will faithfully conform to and abide by the provisions of this Article. A cash bond or fixed value equivalent thereof shall be approved by the Commissioner as to form and terms of deposits as will secure the ultimate beneficiaries of the bond; and such bond shall not be available for delivery to any person contrary to the rules of the Commissioner. Any purchaser of a motor vehicle who shall have suffered any loss or damage by any act of a motor vehicle dealer that constitutes a violation of this Article shall have the right to institute an action to recover against such motor vehicle dealer and the surety. Every licensee against whom such action is instituted shall notify the Commissioner of the action within 10 days after process is served on the licensee. A corporate surety bond shall remain in force and effect and may not be canceled by the surety unless the motor vehicle dealer, manufacturer, distributor branch, or factory branch has terminated the operations of its business nor unless its license has been denied, suspended, or revoked under G.S. 20-294. Such cancellation may be had only upon 30 days' written notice to the Commissioner and shall not affect any liability incurred or accrued prior to the termination of such 30-day period. Provided nothing herein shall apply to a motor vehicle dealer, manufacturer, distributor branch or factory branch which deals only in trailers having an empty weight of 4,000 pounds or less." (The proviso appearing at the end of this section was added in 1979.)

[1] Plaintiff contends that this regulation unreasonably restricts his right to engage in his occupation of manufacturing trailers. The rule is that a statute or ordinance which curtails the right of any person to engage in any occupation can be sustained as a valid exercise of the police power only if it is reasonably necessary to promote the public health, morals, order safety, or general welfare. *Cheek v. City of Charlotte*, 273 N.C. 293, 160 S.E. 2d 18 (1968); *State v. Ballance*, 229 N.C. 764, 51 S.E. 2d 731 (1949). The reasonableness of an exercise of the police power is to be determined by the court and is based on human judgment, natural justice and common sense in view of all the facts and cir-

cumstances. *Raleigh v. Norfolk Southern Railway Co.*, 4 N.C. App. 1, 165 S.E. 2d 745, *remanded on other grounds* 275 N.C. 454, 168 S.E. 2d 389 (1969); 3 Strong's N.C. Index, Constitutional Law § 11.1 (1976).

It appears that North Carolina has not considered the validity of a bond requirement for applicants for a license as a motor vehicle dealer or manufacturer. Many other states, however, have held that where a business easily can be conducted so as to become a medium of fraud and dishonesty, the state's power to regulate such a business includes the right to require a bond or security for the faithful performance of the obligations incident to the business, if the requirement is based on reasonable grounds and is not essentially arbitrary. 51 Am. Jur. 2d, Licenses & Permits, § 48; *see, e.g., Witter v. Massachusetts Bonding and Insurance Co.*, 215 Iowa, 1322, 247 N.W. 831 (1933); *Grand Rapids v. Braudy*, 105 Mich. 670, 64 N.W. 29 (1895).

In view of the complexities surrounding the sale, dealer servicing, warranties, financing, titling and registration of a motor vehicle, we find that the distribution of motor vehicles is a business which easily could be conducted so as to become a medium of fraud and dishonesty. We further find that the regulation complained of herein is based upon reasonable grounds and is not arbitrary and is, therefore, a proper exercise of the state's police power.

[2] Plaintiff's second contention is that the exemption of manufacturers and dealers of trailers of less than 4,000 pounds empty weight from the bonding requirement denies plaintiff equal protection of the law in violation of Article I, Section 19 of the North Carolina Constitution. We find this contention to be without merit also. The legislature may distinguish, select and classify objects of legislation, provided such classifications are not arbitrary or capricious and apply uniformly to all members of the affected class. The test is whether the difference in treatment made by the law has a reasonable basis in relation to the purpose and subject matter of the legislation. *Guthrie v. Taylor*, 279 N.C. 703, 185 S.E. 2d 193 (1971).

The record reveals that under North Carolina law trailers weighing less than 4,000 pounds are exempt from brake requirements, G.S. 20-124(f); directional signals, G.S. 20-125.1(c);

lighting requirements, G.S. 20-129(d); and clearance lamps, G.S. 20-129.1(4). Further, it appears that smaller trailers cost less, are of simpler construction, and that warranty problems of the same magnitude are not involved. The difference in treatment therefore has a reasonable basis in relation to the purpose of the legislation, and we find that the exemption of trailers weighing less than 4,000 pounds from the bond requirement of G.S. 20-288(e) does not deny plaintiff equal protection of the law.

We have reviewed plaintiff's contentions that G.S. 20-288(e) confers exclusive or separate emoluments or privileges, creates perpetuities and monopolies, creates a burden on interstate commerce and denies plaintiff his right to the pursuit of happiness in violation of the North Carolina Constitution and the United States Constitution. We find these contentions to be unfounded.

The judgment of the trial court is affirmed.

Affirmed.

Judges HEDRICK and WEBB concur.