McGLADREY & PULLEN, LLP, Petitioner v. NORTH CAROLINA STATE BOARD OF CERTIFIED PUBLIC ACCOUNTANT EXAMINERS, Respondent

No. COA04-911

(Filed 19 July 2005)

**1. Accountants and Accounting— name of CPA firm—right of free speech**

Petitioner's right to free speech was not violated by the Board of Certified Public Accountant Examiners' denial of its request to change its name to "RSM McGladrey & Pullen, LLP, Certified Public Accountants." The Board considered and found relevant and substantial evidence tending to show that petitioner's proposed name could be confusing and deceptive and that petitioner's proffered firm name is deceptive to the general public.

**2. Accountants and Accounting— CPA firm name change— equal protection**

The trial court correctly held that the Board of Certified Public Accountant Examiners did not violate petitioner's constitutional right of equal protection by refusing its name change. Petitioner failed to offer evidence of a similarly situated firm that received unlawful preferential treatment or treatment inconsistent with the Board's decision in petitioner's case.

**3. Accountants and Accounting— name of CPA firm—change denied—statutory authority**

   The trial court correctly held that the Board of Certified Public Accountant Examiners acted within its statutory authority in denying petitioner's name change. The Board possesses the statutory authority to regulate CPA firm names, and there was substantial evidence supporting the Board's findings that petitioner's proposed name could be deceptive to the public.

**4. Accountants and Accounting— name of CPA firm—change denied—not arbitrary and capricious**

   The trial court was not arbitrary and capricious in affirming the Board of Certified Public Accountant Examiners' ruling denying petitioner's proposed name change.

   Judge WYNN dissenting.

   Appeal by petitioner from order entered 18 March 2004 by Judge Orlando F. Hudson, Jr., in Wake County Superior Court. Heard in the Court of Appeals 12 April 2005.

   *Parker Poe Adams & Bernstein, LLP, by William L. Rikard, Jr., R. Bruce Thompson, III, and Deborah L. Edney, for petitioner-appellant.*

   *Allen and Pinnix, P.A., by Noel L. Allen and M. Jackson Nichols, for respondent-appellee.*

   TYSON, Judge.

   McGladrey & Pullen, LLP ("petitioner") appeals from order adopting and affirming the declaratory ruling issued by The North Carolina State Board of Certified Public Accountant Examiners (the "Board"). We affirm.

## I.  Background

   Petitioner is a North Carolina limited liability partnership and licensed by the Board to practice in North Carolina as a certified public accounting ("CPA") firm. Petitioner specializes in providing audit and attest services for mid-sized businesses. Petitioner is affiliated with RSM McGladrey, Inc., a national consulting, wealth management, and corporate finance firm, through an "Alternative Business Structure."

RSM McGladrey, Inc. is a member of RSM International, Inc., a subsidiary of H&R Block. "RSM" is an acronym for Robson Rhodes, a United Kingdom firm, Salustro Reydel, a firm in France, and petitioner.

In Fall 2002, petitioner sought to change its name from "McGladrey & Pullen, LLP" to "RSM McGladrey & Pullen, LLP, Certified Public Accountants." Petitioner gave notice of intent to change its name to each jurisdiction in which it was registered.

On 1 October 2002, Robert N. Brooks, the Board's executive director, recommended petitioner's name change request be rejected on the grounds the initials "RSM" could deceive the public by conveying the impression that any firm using a name that begins with "RSM" is a lawful CPA firm.

On 11 March 2003, petitioner submitted its request to the full Board for a declaratory ruling. By letter dated 2 May 2003, the Board informed petitioner that the Board adopted the declaratory ruling on 28 April 2003 denying petitioner's request and ruling petitioner's proposed name change to "RSM McGladrey & Pullen, LLP, Certified Public Accountants" violated N.C. Admin. Code. Tit. 21, 8N.0307.

On 30 May 2003, petitioner filed a petition in the Wake County Superior Court for judicial review. The petition was heard on 26 February 2004 and on 18 March 2004, the trial court entered an order affirming the Board's declaratory ruling. Petitioner appeals.

## II. Issues

Petitioner contends the trial court erred by: (1) violating petitioner's right to free speech and equal protection under the North Carolina and United States Constitutions; (2) affirming the declaratory ruling of the Board after it acted outside of its statutory authority and jurisdiction in violation of N.C. Gen. Stat. § 150B-51(b)(2); and (3) being arbitrary and capricious in affirming the Board's ruling.

## III. Standard of Review

Upon our "judicial review of an administrative agency's final decision, the substantive nature of each assignment of error dictates the standard of review." *N.C. Dep't of Env't & Natural Res. v. Carroll,* 358 N.C. 649, 658, 599 S.E.2d 888, 894 (2004) (citations omitted). N.C. Gen. Stat. § 150B-51(b) (2003) states:

in reviewing a final decision, the court may affirm the decision of the agency or remand the case to the agency or to the adminis-

trative law judge for further proceedings. It may also reverse or modify the agency's decision, or adopt the administrative law judge's decision if the substantial rights of the petitioners may have been prejudiced because the agency's findings, inferences, conclusions, or decisions are:

(1) In violation of constitutional provisions;

(2) In excess of the statutory authority or jurisdiction of the agency;

(3) Made upon unlawful procedure;

(4) Affected by other error of law;

(5) Unsupported by substantial evidence admissible under G.S. 150B-29(a), 150B-30, or 150B-31 in view of the entire record as submitted; or

(6) Arbitrary, capricious, or an abuse of discretion.

"This standard of review applies to judicial review of an agency's decision, whether at the superior or the appellate court level." *Vanderburg v. N.C. Dep't of Revenue*, 168 N.C. App. 598, 608, 608 S.E.2d 831, 839 (2005) (citing *Rector v. N.C. Sheriffs' Educ. and Training Standards Comm.*, 103 N.C. App. 527, 532, 406 S.E.2d 613, 616-17 (1991) (superior court review)); *see also Crist v. City of Jacksonville*, 131 N.C. App. 404, 405, 507 S.E.2d 899, 900 (1998) (appellate court review) (citing *Shoney's v. Bd. of Adjustment for City of Asheville*, 119 N.C. App. 420, 421, 458 S.E.2d 510, 511 (1995)).

This Court has held that fact-intensive issues

" 'such as sufficiency of the evidence to support [an agency's] decision are reviewed under the whole-record test.' " This standard of review requires the reviewing court to analyze all the evidence provided in the record "to determine whether there is substantial evidence to justify the agency's decision." Substantial evidence is "relevant evidence a reasonable mind might accept as adequate to support a conclusion." A reviewing court "may not substitute its judgment for the agency's," even if a different conclusion may result under a whole record review.

*Vanderburg*, 168 N.C. App. at 609, 608 S.E.2d at 839 (internal quotations and citations omitted).

In *In re Appeal of the Maharishi Spiritual Ctr. of Am.*, our Supreme Court revered the Court of Appeals for reasons stated in the

dissenting opinion and explained the Court's proper role under the whole record test when reviewing an administrative agency's ruling or judgment.

> The whole record test is not "a tool of judicial intrusion." This test does not allow a reviewing court to substitute its own judgment in place of the Commission's judgment even when there are two reasonably conflicting views. The whole record test merely allows a reviewing court to determine whether the decision of the Commission is supported by substantial evidence.

> " 'Substantial evidence is such relevant evidence that a reasonable mind might accept as adequate to support a conclusion.' " "The credibility of the witnesses and resolution of conflicting testimony is a matter for the administrative agency to determine." This Court cannot overturn the Commission's decision if supported by substantial evidence.

152 N.C. App. 269, 284, 569 S.E.2d 3, 12 (2002) (J. Tyson dissenting) (internal quotations and citations omitted), *per curiam rev'd*, 357 N.C. 152, 579 S.E.2d 249 (2003).

## IV. Free Speech

[1] Petitioner argues the trial court erred in affirming the Board's declaratory ruling because it violated petitioner's constitutional freedom of speech.

" 'Untruthful speech, commercial or otherwise, has never been protected for its own sake.' " *Friedman v. Rogers*, 440 U.S. 1, 9, 59 L. Ed. 2d 100, 110 (1979) (quoting *Gertz v. Robert Welch, Inc.*, 418 U.S. 323, 41 L. Ed. 2d 789 (1974); *Konigsberg v. State Bar*, 366 U.S. 36, 49, 6 L. Ed. 2d 105 (1961)). In *Central Hudson Gas v. Public Service Comm'n*, the United States Supreme Court defined commercial speech as an "expression related solely to the economic interests of the speaker and its audience." 447 U.S. 557, 563-64, 65 L. Ed. 2d 341, 348 (1980) (citing *Virginia Pharmacy Board v. Virginia Citizens Consumer Council*, 425 U.S. 748, 762, 48 L. Ed. 2d 346 (1976); *Bates v. State Bar of Arizona*, 433 U.S. 350, 363-64, 53 L. Ed. 2d 810 (1977); *Friedman v. Rogers*, 440 U.S. 1, 11, 59 L. Ed. 2d 100 (1979)).

The United States Supreme Court also held "the First Amendment, as applied to the States through the Fourteenth Amendment, protects commercial speech from unwarranted governmental regulation." *Central Hudson Gas*, 447 U.S. at 563-64, 65

L. Ed. 2d at 348 (citing *Virginia Pharmacy Bd*, 425 U.S. at 761-63, 48 L. Ed. 2d at 346). The Supreme Court explained:

> The First Amendment's concern for commercial speech is based on the informational function of advertising. Consequently, there can be no constitutional objection to the suppression of commercial messages that do not accurately inform the public about lawful activity. *The government may ban forms of communication more likely to deceive the public than to inform it,* or commercial speech related to illegal activity. If the communication is neither misleading nor related to unlawful activity, the government's power is more circumscribed. The State must assert a substantial interest to be achieved by restrictions on commercial speech.

*Id.* at 564-65, 65 L. Ed. 2d 348-49 (internal citations omitted) (emphasis supplied).

The respondent Board is a State agency created by N.C. Gen. Stat. § 93-12 to regulate CPA firms. One of the Board's duties is to regulate the manner in which CPA firms hold themselves out to the public. N.C. Admin. Code tit. 21, 8N.0307(a) (2004) entitled, "Deceptive Names Prohibited," allows the Board to prohibit a CPA firm from using any name that would have "the capacity or tendency to deceive."

The parties agree the regulation at issue restricts petitioner's commercial speech. The parties disagree on whether adding "RSM" and "Certified Public Accountants" to petitioner's trade name is misleading, tends to be deceptive, and whether the regulation as applied, violates petitioner's First Amendment rights.

Evidence before the Board included: (1) a U.S. federal claims court case wherein a managing director of RSM McGladrey, Inc. testified and was referred to as an expert in auditing; and (2) several filings with the Securities and Exchange Commission showing the public misperception and referring to "RSM McGladrey" as a public accounting firm and confusing ownership and services rendered by the firm.

The Board may "ban forms of communication more likely to deceive the public than to inform it." *Central Hudson Gas*, 447 U.S. at 563, 65 L. Ed. 2d at 349 (citing *Friedman*, 440 U.S. at 13, 59 L. Ed. 2d at 113; *Olralik v. Ohio State, Bar Assn.*, 436 U.S. 447, 464-65, 56 L. Ed. 2d 444, 461 (1978)). The Board exercised its discretion under its statutory authority to determine what firm names are

acceptable. N.C. Admin. Code. tit. 21, 8N.0307(a). We may not substitute our judgment for the agency's and must only look to see if there is substantial evidence to support their conclusion. *Watkins v. N.C. State Bd. of Dental Exam'rs,* 358 N.C. 190, 199, 593 S.E.2d 764, 769 (2004). The Board considered and found relevant and substantial evidence tending to show petitioner's proposed name could be confusing and deceptive and determined petitioner's proffered firm name is deceptive to the general public. *Central Hudson Gas,* 447 U.S. at 563-64, 65 L. Ed. 2d at 349.

Petitioner fails to show the Board's findings of fact are not supported by substantial evidence and those findings do not support the court's conclusions of law. The trial court's holding that the Board did not violate petitioner's freedom of speech under the United States or North Carolina Constitutions is affirmed.

### V. Equal Protection

**[2]** Petitioner alleges the names "RSM McGladrey Inc." and "RSM McGladrey & Pullen L.L.P. Certified Public Accountants" are not deceptive or misleading. Petitioner asserts the Board failed to apply its standard of review equally.

"Inequalities and classifications, however, do not, *per se,* render a legislative enactment unconstitutional." *Cheek v. City of Charlotte,* 273 N.C. 293, 298, 160 S.E.2d 18, 23 (1968) (citing *Ramsey v. Veterans Commission,* 261 N.C. 645, 135 S.E.2d 659; *State v. Trantham,* 230 N.C. 641, 55 S.E.2d 198 (1949); 2 Strong, N.C. Index 2d, *Constitutional Law* § 20 (1967)). Our Supreme Court has held "[c]lassifications are not offensive to the Constitution 'when the classification is based on a reasonable distinction and the law is made to apply uniformly to all the members of the class affected.' " *Poor Richard's, Inc. v. Stone,* 322 N.C. 61, 67, 366 S.E.2d 697, 700-01 (1988) (quoting *Cheek v. City of Charlotte,* 273 N.C. 293, 160 S.E.2d 18 (1968)). The Court also held "[c]lassification[s] [are] permitted when (1) it is based on differences between the business to be regulated and other businesses and (2) when these differences are rationally related to the purpose of the legislation." *Id.* at 67, 366 S.E.2d at 701 (citing *State v. Harris,* 216 N.C. 746, 65 S.E.2d 854 (1940)).

Petitioner argues it received unequal review and treatment from the Board and cites the Board's approval of Grant Thornton as a trade name in 2002. The Board's rulings in Grant Thornton's case and petitioner's case are easily distinguishable.

Grant Thornton is a long established CPA firm in North Carolina and was using its approved trade name prior to 1999. Grant Thornton continued its operation as a CPA firm with the "Grant Thornton" name. "RSM McGladrey & Pullen, LLP Certified Public Accountants" is not a long established CPA firm in North Carolina. RSM is not an individual CPA nor is it a licensed CPA firm in any state or United States territory. Petitioner's proposed name change occurred after the grand-fathering provision established in 1999 to allow continued use of existing trade names expired.

The Board's regulation allowing grand-fathering of trade names is based on criteria that petitioner does not meet. N.C. Admin. Code tit. 21, 8N.0307(c) (2004) states any CPA firm that has continuously used an assumed name approved by the Board prior to 1 April 1999 may continue to use the assumed name subject to certain restrictions. Furthermore, petitioner concedes that RSM International, Inc.'s status is different from the "Big Four" accounting firms. RSM International, Inc. is a non-CPA association and not a national or international CPA firm.

Petitioner fails to show the evidence before the Board and the record before the trial court lacked substantial evidence to support the Board's findings of fact, or that those findings support the Board's conclusions of law. *Vanderburg*, 168 N.C. App. at 609, 608 S.E.2d at 839. Petitioner fails to proffer evidence of a similarly situated firm that received unlawful preferential treatment or treatment inconsistent with the Board's decision in petitioner's case. *Poor Richard's, Inc.*, 322 N.C. at 67, 366 S.E.2d at 700-01. We affirm the trial court's holding that the Board did not violate petitioner's constitutional right of equal protection.

## VI. Statutory Authority of the Board

[3] Petitioner alleges the trial court erred by finding the Board acted within its statutory authority. The Board is established and promulgated by N.C. Gen. Stat. § 93-12. This State agency is charged, in part, with certifying and licensing CPAs and adopting or issuing guidelines for their conduct. The Board adopted guidelines for the names CPA firms could use in holding themselves out to the public:

(a) Deceptive Names Prohibited. A CPA or CPA firm shall not trade upon the CPA title through use of any name that would have the capacity or tendency to deceive . . . .

(b) Style of Practice. It is considered misleading if a CPA firm practices under a name or style which would tend to imply the existence of a partnership or registered limited liability partnership or a professional corporation or professional limited liability company of more than one CPA shareholder or CPA member or an association when in fact there is no partnership nor is there more than one CPA shareholder or CPA member of a CPA firm. For example, no CPA firm having just one CPA owner may have as a part of its name the words "associates" or "company" or their abbreviations. It is also considered misleading if a CPA renders non-attest professional services through a non-CPA firm using a name that implies any non-licensees are CPAs.

(c) Any CPA firm that has continuously used an assumed name approved by the Board prior to April 1, 1999, may continue to use the assumed name, so long as the CPA firm is only owned by the individual practitioner, partners, or shareholders who obtained Board approval for the assumed name. A CPA firm (or a successor firm by sale, merger, or operation of law) may continue to use the surname of a retired or deceased partner or shareholder in the CPA firm's name so long as that use is not deceptive.

N.C. Admin. Code tit. 21, 8N.0307(a)-(c) (2004).

Petitioner appeals the trial court's decision affirming the Board's finding the proposed firm name "RSM" was misleading to the public. The Board possesses the authority to regulate CPA firms and CPA firm names. N.C. Gen. Stat. § 93-12 (2003); N.C. Admin. Code tit. 21, 8N.0307. The Board promulgates rules and guidelines to regulate whether an offered firm name is deceptive to the general public. *Id.*; *see also* N.C. Admin. Code tit. 21, 8N.0307. The Board determines if firm names are acceptable or deceptive. *Id.*; N.C. Admin. Code tit. 21, 8N.0307. Substantial evidence in the record supports the Board's findings that petitioner's proposed name could be deceptive to the public. *Vanderburg*, 168 N.C. App. at 609, 608 S.E.2d at 839; *see also Central Hudson Gas.*, 447 U.S. at 563-64, 65 L. Ed. 2d at 349 (The government may ban commercial speech that is "likely to deceive.").

Petitioner fails to show the trial court's conclusion that its proposed trade name could be deceptive is not supported by substantial evidence. The trial court's holding that the Board acted within its statutory jurisdiction and authority is affirmed.

## VII. Arbitrary and Capricious

[4] Defendant asserts the trial court acted in an arbitrary and capricious manner in affirming the Board's ruling.

> Where an allegation is made that a final agency decision is not supported by competent evidence or is arbitrary and capricious, the trial court must review the decision under the whole record test. The whole record test requires the trial court to examine all of the evidence before the agency in order to determine whether the decision has a rational basis in the evidence. If the trial court concludes there is substantial competent evidence in the record to support the findings, the agency decision must stand. The trial court may not weigh the evidence presented to the agency or substitute its own judgment for that of the agency.

*Clark Stone Co. v. N.C. Dep't of Env't & Natural Res.*, 164 N.C. App. 24, 31-32, 594 S.E.2d 832, 837 (2004) (internal citations omitted).

We previously held substantial evidence supports the findings of fact and conclusions of law of the Board's ruling and the trial court's order. After reviewing the whole record and finding substantial evidence, we hold the trial court did not act in an arbitrary and capricious manner in affirming the Board's ruling. This assignment of error is overruled.

## VIII. Conclusion

Petitioner fails to show the findings of fact and conclusions of law of the trial court are not supported by substantial evidence. Neither this Court nor the trial court may substitute our own judgment for that of the Board where the record shows substantial evidence supports their decision.

The State, through the Board, may regulate deceptive commercial speech. Regulation of deceptive commercial speech does not violate petitioner's freedom of speech. *Central Hudson Gas*, 447 U.S. at 563, 65 L. Ed. 2d at 349. Substantial evidence in the whole record supports the Board's unchallenged findings of fact, which in turn supports the Board's conclusions of law that petitioner's proposed name had "the capacity or tendency to deceive." N.C. Admin. Code tit. 21, 8N.0307.

Petitioner fails to present any evidence that the Board treated another company similarly situated to petitioner differently or provided preferential treatment in violation of its equal protection rights.

The burden of proof is not on the administrative agency or the Board to justify its decision, but rather it rests upon the petitioner to show the Boards's "findings and conclusions are unsupported by competent, material, and substantial evidence." *In re Appeal of Maharishi Spiritual Ctr. of Am.*, 152 N.C. App. at 284, 569 S.E.2d at 12. Petitioner cannot shift its burden on appeal to the Board utilizing extraneous comments made during the hearing by a Board member as a basis to reverse the Board's unchallenged findings of fact under our standard of review.

The trial court's findings of fact and conclusions of law are supported by substantial evidence in the whole record and are not arbitrary or capricious. Petitioner failed to show any abuse of discretion. The trial court's order is affirmed.

Affirmed.

Judge ELMORE concurs.

Judge WYNN dissents.

WYNN, Judge dissenting.

In this case, the North Carolina State Board of Certified Public Accountant Examiners ("CPA Board") prohibits McGladrey & Pullen, LLP ("McGladrey & Pullen") from changing its name to "RSM McGladrey & Pullen, LLP, Certified Public Accountants." In denying this name change, the CPA Board cited N.C. ADMIN. CODE tit. 21, r. 8N.0307(a) (Mar. 2003) which provides,

A CPA or CPA firm shall not trade upon the CPA title through use of any name that would have the capacity or tendency to deceive.

McGladrey & Pullen argues that the CPA Board has failed to meet its burden to show that the proposed name will mislead or deceive the public and, therefore, violates its right to free speech. I agree that the CPA Board has failed to show how the name will be misleading or deceiving. Accordingly, I respectfully dissent.

The United States Supreme Court has long held that "commercial speech" is protected by the First Amendment of the United States Constitution. *Va. State Bd. of Pharmacy v. Va. Citizens Consumer Council*, 425 U.S. 748, 770, 48 L. Ed. 2d 346, 363 (1976). The government may ban forms of communication more likely to deceive the

public than to inform it, or commercial speech related to illegal activity. *Cent. Hudson Gas & Elec. Corp. v. Pub. Serv. Comm'n of N.Y.*, 447 U.S. 557, 563-64, 65 L. Ed. 2d 341, 349 (1980) (internal citations omitted).

In *Cent. Hudson Gas & Elec. Corp.*, the United States Supreme Court set out three prongs the State must meet to validly restrict commercial speech: (1) "The State must assert a substantial interest to be achieved by restrictions on commercial speech[;]" (2) "the restriction must directly advance the state interest involved[;]" and (3) "if the governmental interest could be served as well by a more limited restriction on commercial speech, the excessive restrictions cannot survive." *Id.*, 65 L. Ed. 2d at 349-50.

McGladrey & Pullen acknowledges that the CPA Board has a "substantial interest in protecting the public from misleading and deceptive names and advertising by CPAs[,]" meeting the first prong of the *Cent. Hudson Gas & Elec. Corp.* test. But McGladrey & Pullen argues that the CPA Board failed to meet the second prong, because the proposed name is not deceptive or misleading and the CPA Board's asserted harms are merely speculative. I agree.

The second prong of the *Cent. Hudson Gas & Elec. Corp.* test "is not satisfied by mere speculation or conjecture[.]" *Edenfield v. Fane*, 507 U.S. 761, 770, 123 L. Ed. 2d 543, 555 (1993). In the CPA Board's declaratory ruling denying the name change, it stated "the use of 'RSM' in the name of the firm would have the capacity or tendency to deceive the public by giving the impression that any firm using a name that begins with 'RSM,' regardless of the nature of the firm, is a lawful CPA firm." But this is not a concrete reason for the restriction; instead, it is merely conjecture. Indeed, the record shows that a CPA board member stated, "I think it's important to note that whether it's deceitful or not, we didn't—we don't believe that. It's just that it gets caught in the language of our rules more than anything else." This cannot satisfy the second prong of the *Cent. Hudson Gas & Elec. Corp.* test, as there was merely a speculative reason that the CPA Board denied the proposed name change. *See, e.g., Michel v. Bare*, 230 F. Supp. 2d 1147, 1154 (D. Nev. 2002) (State failed to show that a rule prohibiting an attorney from using the trade names "Your Legal Power" and "Su Poder Legal," directly advanced the State's interest).

Moreover, the CPA Board's emphasis on the addition of three letters, "RSM", ignored the addition of the words "Certified Public Accountants" to the end of the proposed name change. Indeed, the

proposed name of "RSM McGladrey & Pullen, LLP, Certified Public Accountants" when compared to "RSM McGladrey, Inc." would be less misleading than the current name of "McGladrey & Pullen, LLP." As McGladrey & Pullen points out, the word "McGladrey" has been used in both names for five years without prohibition, and there is no evidence that the public has been deceived by those names.

In sum, I would hold that the CPA Board's denial of McGladrey & Pullen's proposed name change impermissibly restricted McGladrey & Pullen's right to free speech under the First Amendment of the United States Constitution. *Cent. Hudson Gas & Elec. Corp.*, 447 U.S. at 563-64, 65 L. Ed. 2d at 349-50. Accordingly, I respectfully dissent from the majority opinion and would reverse the trial court's order.